FILED
NOV - 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHAWN WILLIAMS,

      Plaintiff,

v.

Z. D. MASONRY, CORP.; Z. D. MASONRY &
TUCKPOINTING CORP.; Z. D. MASONRY
AND REMODELING, CORP.; NORTHSIDE
CONSTRUCTION & DEVELOPMENT CORP.;
CITY OF CHICAGO MASONRY, INC.; and
ZBIGNIEW DZIADANA,

      Defendants.

07CV6207
JUDGE GUZMAN
MAG. JUDGE BROWN

## COMPLAINT

Plaintiff Shawn Williams, through his attorneys, Dowd, Bloch & Bennett, by way of complaint against Defendants Z. D. Masonry, Corp.; Z. D. Masonry & Tuckpointing Corp.; Z. D. Masonry and Remodeling, Corp.; Northside Construction & Development Corp.; City of Chicago Masonry, Inc.; and Zbigniew Dziadana, states as follows:

### NATURE OF THE CASE

1. This matter is an employment discrimination and civil rights action brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § § 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3).

3. Venue is proper in the United State District Court for the Northern District of Illinois under 28 U.S.C. § 1391 (b) and (c) and 42 U.S.C. § 2000e-5 (f)(3), because the unlawful practices complained of here were committed within this district, each of the defendants either lives in or maintains its principal place of business within this district and each transacts business within this district, and Mr. Williams would have been employed within this district were it not for the unlawful employment practices that form the basis for this complaint.

4. Williams has complied with all statutory prerequisites to his Title VII claims, having filed timely charges with the United States Equal Employment Opportunity Commission ("EEOC") and having received notices from the EEOC informing him of the right to file suit.

## PARTIES

5. Williams is a "person" within the meaning of 42 U.S.C. §§1981(a) and 2000e(a), resides in Chicago, Illinois, is of the African-American race, is of non-White color, and is of non-Polish national origin.

6. Z. D. Masonry, Corp. ("Masonry") is an Illinois corporation in the masonry and tuckpointing contracting business, is an employer within the meaning of 42 U.S.C. §2000e(b), and maintains its principal place of business in Mt. Prospect, Illinois.

7. Z. D. Masonry and Tuckpointing Corp. ("Tuckpointing") was an Illinois corporation in the masonry and tuckpointing contracting business which has been involuntarily dissolved but, on information and belief, has continued to operate, and at all relevant times has been an employer within the meaning of 42 U.S.C. § 2000e(b), with its principal place of business in Chicago, Illinois.

8. Z. D. Masonry & Remodeling Corp. ("Remodeling") is an Illinois corporation in the masonry and tuckpointing contracting business, is an employer within the meaning of 42 U.S.C. § 2000e(b), and maintains its principal place of business in Mt. Prospect, Illinois.

9. Northside Construction & Development Corp. ("Northside") was an Illinois corporation in the masonry and tuckpointing contracting business which has been involuntarily dissolved but, on information and belief, has continued to operate, and at all relevant times has been an employer within the meaning of 42 U.S.C. § 2000e(b), and maintains its principal place of business in Mt. Prospect, Illinois.

10. City of Chicago Masonry, Inc. ("City"), is an Illinois corporation in the masonry and tuckpointing contracting business, is an employer within the meaning of 42 U.S.C. § 2000e(b), and maintains its principal place of business in Mt. Prospect, Illinois.

11. Zbigniew Dziadana ("Dziadana") is an individual who owns and operates the other defendants and also transacts business under other business names, is an employer within the meaning of 42 U.S.C. § 2000e(b), and lives in Chicago, Illinois.

12. Masonry, Tuckpointing, Remodeling, Northside, and City are all owned and operated by Mr. Dziadana as a single employer, there is such a unity of interest and ownership among them that separate personalities no longer exist, adherence to the fiction

of separate corporate existence among them would sanction a fraud and promote injustice; Dziadana directs the discriminatory practices of each of them and utilizes the supposedly separate business entities for the purpose, in part, of avoiding liability under laws preventing discrimination; Dziadana has continued to operate the businesses since the corporate status of some of them has ended and has done so with the knowledge that they no longer are incorporated, and Dziadana is an alter-ego of each of the named business entities; and therefore, Masonry, Tuckpointing, Remodeling, Northside, City, and Dziadana (together and separately, "Defendants") are each liable for the unlawful practices complained of here.

## FACTUAL ALLEGATIONS

13. On or around January 20, 2006, Williams attempted to apply for a job for which he was fully qualified with the Defendants.

14. The Defendants refused to allow Williams to apply for the position despite the fact that he was fully qualified.

15. The reason the Defendants did not permit Williams to apply for the position is that he is African-American, non-White, and non-Polish.

16. The Defendants' unlawful discrimination has caused Williams to incur monetary damages and to suffer other damages.

## COUNT I

### Title VII

17. Williams incorporate by reference the allegations of ¶¶ 1-16 as though set forth in their entirety.

18. The Defendants' failure to allow Williams to apply for employment, and their resultant failure and refusal to hire him, constitutes an unlawful employment practice as prohibited by 42 U.S.C. § 2000e-2(a)(1).

## COUNT II

### Section 1981

19. Williams incorporate by reference the allegations of ¶¶ 1-16 as though set forth in their entirety.

20. Defendants' refusal to allow Williams to apply for employment, and their resultant failure and refusal to hire him, constitutes discrimination and a deprivation of civil rights as prohibited by Section 1981.

WHEREFORE, Plaintiff Shawn Williams requests entry of judgment against Z. D. Masonry, Corp.; Z. D. Masonry & Tuckpointing Corp.; Z. D. Masonry and Remodeling, Corp.; Northside Construction & Development Corp.; City of Chicago Masonry, Inc.; and Zbigniew Dziadana, jointly and severally, as follows:

(1) Ordering them to hire Williams for the position for which he sought to apply or for such other positions as he may seek and for which he is qualified;

(2) Awarding Williams back pay sufficient to compensate him for the losses he suffered as a result of the discriminatory conduct, plus interest;

(3) Awarding Williams compensatory damages;

(4) Awarding Williams punitive damages;

(5) Awarding Williams attorneys' fees and costs incurred in bringing and pursuing this action; and

(6)  Awarding Williams such other relief as the law allows and the Court deems just and proper.

Respectfully submitted,

_____
Barry M. Bennett
Attorney for Shawn Williams

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

_____
Barry M. Bennett
Attorney for Shawn Williams

Barry M. Bennett
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL  60603
(312) 372-1361

F:\data\amh\BMB\Emp\Williams, S\Complaint.wpd

-6-