UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, ) | |
| ) | Case No. 07 C 6207 |
| Plaintiff, ) | |
| ) | Judge Guzman |
| v. ) | |
| ) | Magistrate Judge Brown |
| Z. D. MASONRY, CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND ENTRY ORDER SETTING PROVE-UP HEARING**

Plaintiff Shawn Williams, through his attorneys, respectfully moves pursuant to Fed.R.Civ.P. 55(b)(2) for entry of a default judgment and order setting prove-up hearing, in the form attached or otherwise, against Defendants Z. D. Masonry, Corp.; Z. D. Masonry & Remodeling, Corp.; Northside Construction & Development Corp.; City of Chicago Masonry, Inc.; and Zbigniew Dziadana ("Named Defendants"). In support of this motion, Williams submits as follows:

1.　　This matter is an employment discrimination and civil rights action brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").

2.　　As set forth in the complaint, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3); venue is proper; and Williams has complied with all statutory prerequisites to his Title VII claims, having

filed timely charges with the United States Equal Employment Opportunity Commission ("EEOC") and having received notices from the EEOC informing him of the right to file suit.

　　　　3.　　As set forth in the complaint, Williams is a "person" within the meaning of 42 U.S.C. §§1981(a) and 2000e(a), resides in Chicago, Illinois, is of the African-American race, is of non-White color, and is of non-Polish national origin; Z. D. Masonry, Corp. ("Masonry"), Z. D. Masonry & Remodeling Corp. ("Remodeling"), and City of Chicago Masonry, Inc. ("City"), are Illinois corporations in the contracting business, are employers within the meaning of 42 U.S.C. §2000e(b), and maintain their principal places of business within the geographic area covered by this District; Northside Construction & Development Corp. ("Northside") was an Illinois corporation in the contracting business which has been involuntarily dissolved but, on information and belief, has continued to operate, and at all relevant times has been an employer within the meaning of 42 U.S.C. § 2000e(b), and has maintained its principal place of business within the geographic area covered by this District; and Zbigniew Dziadana ("Dziadana") is an individual who owns and operates the other defendants and also transacts business under other business names, is an employer within the meaning of 42 U.S.C. § 2000e(b), and lives within the geographic area covered by this District.

　　　　4.　　As set forth in the complaint, Masonry, Remodeling, Northside, and City are all owned and operated by Mr. Dziadana as a single employer, there is such a unity of interest and ownership among them that separate personalities no longer exist, adherence to the fiction of separate corporate existence among them would sanction a fraud and promote

injustice, Dziadana directs the discriminatory practices of each of them and utilizes the supposedly separate business entities for the purpose, in part, of avoiding liability under laws preventing discrimination; Dziadana has continued to operate the businesses since the corporate status of some of them has ended and has done so with the knowledge that they no longer are incorporated, and Dziadana is an alter-ego of each of the named business entities; and therefore the Named Defendants are each liable for the unlawful practices complained of here.

5. As set forth in the complaint, Williams attempted, on or around January 20, 2006, to apply for a job for which he was fully qualified with the Named Defendants; the Named Defendants refused to allow him to apply for the position despite the fact that he was fully qualified; the reason the Named Defendants did not permit him to apply for the position is that he is African-American, non-White, and non-Polish; and the Named Defendants' unlawful discrimination has caused Williams to incur monetary damages and to suffer other damages.

6. As set forth in the Return of Service forms filed with the Clerk on December 21, 2007, copies of which are attached as Exhibits A-E, the summonses and complaints were personally served on Defendants Northside, City, and Dziadana on November 25, 2007, making their answers due by December 17, and were personally served on Defendants Masonry and Remodeling on November 30, making their answers due by December 20.

7. None of the Named Defendants has answered, filed some other responsive pleading, or had an appearance entered on its or his behalf.

8.  Williams seeks an order finding each of the Named Defendants to be in default and setting a prove-up hearing at which time he will be prepared to present evidence as to the damages he has incurred because of the unlawful action of the Named Defendants as alleged in the complaint.

Respectfully submitted,

  /s/ Barry M. Bennett  
Attorney for Shawn Williams

Barry M. Bennett
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL  60603
(312) 372-1361

\\Server2k\Data\EFILE\B -DC 1\Z.D. Masonry 07-6207\12.27.07 Filing\MOTION 12.26.07.wpd