UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, ) | |
| ) | Case No.  07 C 6207 |
| Plaintiff, ) | |
| ) | Judge Guzman |
| v. ) | |
| ) | Magistrate Judge Brown |
| Z. D. MASONRY, CORP., et al., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S MEMORANDUM IN SUPPORT
OF REQUEST FOR ENTRY OF JUDGMENT

**Introduction**

This matter is an employment discrimination claim under 42 U.S.C. §2000e, *et seq*. ("Title VII"), and 42 U.S.C § 1981 ("§ 1981").  After making the necessary filing with the EEOC, and obtaining a right to sue letter, Shawn Williams filed suit on November 2, 2007, against five business entities and their owner.  Paragraph 12 of the complaint alleged that the business entities and their owner (together, "Employer"), engaged in their business activities, and practiced employment discrimination, in such a manner as to satisfy various theories under Title VII and § 1981 that provide for them to be treated as the equivalent of a single entity, with each being responsible for the discriminatory actions in question.  Paragraphs 13-16 of the complaint alleged that because of Mr. Williams's race (African-American), color (non-White), and national origin (non-Polish), the Employer had improperly denied him an opportunity to apply for

work as a bricklayer and stone mason, for which he was fully qualified, thereby causing him to incur monetary damages.

Each of the defendants was served with a summons and complaint but none answered, filed another responsive pleading, or had an appearance entered on its or his behalf.  Williams filed two separate motions for default judgment, and by order of January 31, 2008, the Court entered default judgment against each of the defendants and set a prove-up hearing for March 11, 2008.  At the hearing, the Court gave Williams the opportunity to present his evidence through affidavits and documents rather than through testimony; and Williams, through his lawyer, stated a preference for that approach.  The Court also indicated that notwithstanding having entered default judgments against each of the defendants, it wished to receive some explanation from Williams as to the basis for the common claims against the separate entities and their owner.  Williams submits this memorandum, along with the attached declarations and documents, in support of his request for entry of judgment.

**Discriminatory Failure to Consider and Hire**

As set forth in the declaration from Mr. Williams, he applied for work with ZD Masonry on January 20, 2006.  Williams Dec., ¶ 3.  He had previously received training as a bricklayer through an apprenticeship program, he had worked as a bricklayer for nearly a year before he was laid off at the end of a job, and he had received further training after that.  *Id.* ¶ 4.  As set forth in the complaint, which Defendants have not contested, Williams sought to apply for work with the Employer, but was denied an opportunity to do so.  Complaint, ¶¶13-14.  As set forth in the attached declaration of

Robert Fital, the Employer hired two other bricklayers shortly thereafter, Fital Dec., ¶ 8; and as set forth in the declarations of Mr. Fital and of Andy Kwiecien, the Employer told them shortly after that it was looking for bricklayers and had work for them. *Id.*, 9; Kwiecien Dec., ¶ ¶ 4-5.

As set forth in three separate declarations, the Employer does not employ and has not employed anybody who is non-White. Fital Dec., ¶ 23; Kwiecien Dec., ¶ 13; Erdenberger Dec., ¶ 10. Williams is African-American. Complaint, ¶ 5.

As set forth previously, the declarations from Messrs. Fital and Kwiecien state that they discussed working for the Employer as bricklayers less than three weeks after the Employer refused to permit Mr. Williams to apply for work. During that discussion, the Employer's representative told them he was hiring bricklayers and pays $20.00 an hour and up. Fital Dec., ¶ 9; Kwiecien Dec., ¶ 5. The declarations also demonstrate that from the time Williams was denied employment through the end of November 2007, the Employer was working consistently, except for a possible break of about four weeks from mid-December 2006 through mid-January 2007. The declarations demonstrate that for 27 weeks of this period, bricklayers and stone masons employed by the Employer received a minimum of 40 hours' work a week and that for 66 weeks they received a minimum 50 hours' work a week. Fital, Dec. ¶¶ 18-22; Erdenberger, Dec. ¶¶ 4-9; and Kwiecien Dec. ¶¶ 7-11.

Based on the information available, Williams asserts that but for the unlawful discrimination, he would have had the opportunity to work at least the following hours between January 20, 2006 and November 30, 2007:

| Time Period | Weeks | Hours | Total |
|---|---|---|---|
| 01/23/06 - 03/10/06 | 7 | 40 | 280 |
| 03/13/06 - 10/27/06 | 33 | 50 | 1815* |
| 10/30/06 - 12/15/06 | 7 | 40 | 280 |
| 01/15/07 - 03/09/07 | 8 | 40 | 320 |
| 03/12/07 - 10/26/07 | 33 | 50 | 1815* |
| 10/29/07 - 11/30/07 | 5 | 40 | 200 |
|  |  |  | 4710 |

\*   Includes an additional 165 hours to reflect statutorily required premium of time and a half on 10 hours weekly.

Based on the minimum rate quoted by the Employer of $20.00 an hour, and the minimum number of hours of work the declarations show the Employer's workforce worked, Williams's gross lost wages were $94,200.00.

Williams's declaration demonstrates that subsequent to being discriminatorily refused an opportunity to work for the Employer, he made diligent efforts to find employment, and he accepted such work as was available to him. Williams Dec., ¶¶ 5-10. He has attached W-2 forms, and one other document, showing his earnings, which totaled $10,803.36 during the relevant period. *Id*., ¶¶ 8-10, and attachments to declaration. Based on that, Williams's net lost earnings as a result of the unlawful discrimination come to $83,396.64; and he respectfully asks that judgment be entered in his favor to include that amount.

**Interest**

Williams requests pre-judgment interest. Working from an interest rate of 3.84%, which is the average of the one year rates in effect on January 20, 2006 (4.3%) and November 30, 2007 (3.25%), and assuming that both the lost wages and the interim earnings accrued at an even rate between January 20, 2006 and November 30, 2007, the interest through March 31, 2008, is $4,178.10. *See* Exhibit A. Williams asks that the judgment to be entered in his favor include that pre-judgment interest figure.

**Punitive Damages**

In his complaint, Williams requested an award of compensatory and punitive damages. Williams has not presented evidence as to an entitlement to compensatory damages, and therefore withdraws that claim. As to punitive damages, Williams may recover up to $50,000.00 on the Title VII claim pursuant to 42 U.S.C. § 1981a (b)(3)(A). *See* Kwiecien Dec., ¶ 12, as to the size of the workforce. There is no specific statutory limitation as to punitive damages under the § 1981 claim.

Williams submits the declarations demonstrate as follows:

- He is an African-American whom the Employer refused to consider for employment as a bricklayer.

- Within only a couple weeks of refusing to consider Williams for employment, the Employer hired at least two bricklayers, offered employment to at least two others, and stated that it had work available for bricklayers.

- The Employer does not employ and has not employed any workers who are non-White.

Williams submits that on these facts, he is entitled to an award of punitive damages. *See,* e.g., *Yarbough v. Tower Oldsmobile, Inc*., 789 F.2d 508, 514 (7th Cir. 1986); *Florez v. Delbovo,* 939 F.Supp. 1341, 1347 (N.D. Ill. 1996). *See generally, Kolstad v. American Dental Association*, 527 U.S. 526, 535-546 (1999). At the same time, Williams is aware of limitations on an award of punitive damages in the context of a default judgment. *See Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 253 (7th Cir. 1990). Williams is satisfied to leave the question of punitive damages to the Court's judgment.

### Attorney's Fees

Williams also requests an award of attorney's fees and costs, and is prepared to submit a motion in accord with Local Rule 54.3.

### Hiring Order

As part of his complaint, Williams requested that the Employer be ordered to hire him for the position for which he sought to apply or for such other positions as he may seek and for which he is qualified. Williams asks that the judgment to be entered in his favor provide for such relief.

### Liability of all Defendants

Because the defendants did not appear and provide Williams an opportunity to develop information regarding their interrelationship and manner of doing business, Williams is limited as to the information he can present in this regard. Williams believes, however, that the declarations present enough information to demonstrate that he was not simply making baseless allegations in his complaint when he asserted that each of the

-6-

defendants, including Mr. Dziadana personally, was liable for the unlawful employment practices.  As set forth in the declaration of Robert Fital, investigations conducted by the Bricklayers Union disclosed that Mr. Dziadana operated at least 13 separate businesses, with the names of almost all of them indicating they are in the masonry and construction business.  Fital Dec., ¶ 16, Attachment I.  Furthermore, the same investigation demonstrated that Mr. Dziadana transferred substantial amounts of money between certain of those businesses and his personal account.  Fital Dec., ¶ 17, Attachment J.

      The pay practices on the jobs in early 2006 lend further support to Williams's assertion that he had a reasonable basis to make the allegations he did.  Workers who were not known to be Union members or agents were paid in cash, with the envelopes containing those cash payments indicating they came from Major Masonry, Inc.  Fital Dec., ¶ 12, Attachments C-F.  When one of those workers later disclosed that he was a Union member, he was given a back-dated check on an account in the name of ZD Masonry & Construction, Inc.  *Id*., ¶ 14, Attachment H.  When Fital, who had identified himself as a Union member, was hired as a result of actions taken by the National Labor Relations Board, he was paid by check, with the checks issued by ZD Masonry & Tuckpointing Corp.  *Id.*, Dec., ¶ 13, Attachment G.  These different pay practices, and the purportedly different source of the pay, occurred despite the fact that these workers were all reporting to the same boss and were on many of the same job sites at one time or another, and the absence of anything on any of the jobs and of anything in the way the workers were given their orders to indicate the businesses were not the same.  *Id.*, ¶ 15.

Williams also notes the declaration of Mike Erdenberger, which provides copies of two material receipts he found on a job site, showing the customer as City of Chicago Masonry, but stating the business was "formerly known" as ZD Masonry.  Erdenberger Dec., ¶ 6, and attachments.

Thus, Williams submits he has demonstrated the following:

- Mr. Dziadana operates a large number of business entities that have very similar names, and whose names suggest they are in the same or closely related businesses.

- At least one supplier with which the Employer does business recognized two of the entities as being the same, but simply having changed its a name.

- Mr. Dziadana has moved substantial amounts of money among certain of the businesses and among his own account.

- These businesses pay their workers in cash when they have no reason to believe they are under scrutiny, they pay by check when they have reason to believe they may be under scrutiny, and they use different names and accounts for making these payments despite utilizing and supervising the workers in such a way as to indicate to them that they are working for the same business.

The Seventh Circuit has held that "in the case of a default, this circuit follows the rule that 'the well-pleaded allegations of the complaint relating to liability are taken as true.'"  *Merrill Lynch Mortgage Corp. v. Narayan, supra,* 908 F.2d at 253 (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989).  *See also United States v. Steverson*, No. 1:07-CV-1142, 2007 U.S. Dist. LEXIS 57517, **5-6 (May 1, 2007 N.D. Ill.).  Williams's complaint not only alleged that each of the defendants was liable as an "employer," Complaint ¶¶ 6-11; but alleged the legal theory and made a general allegation of the factual basis, *id.*, ¶ 12.

Williams submits that the amount of work the Employer performs, and the amount of money involved, shows that these are not small-time players.  Williams had every expectation when he filed his complaint that the defendants would respond and would force him to develop the facts needed to prove his case.  He would not have filed his complaint if he had not been prepared to attempt to do exactly that, and if he did not have a reasonable expectation of success.  By not responding to the complaints and summonses, the defendants denied Williams an opportunity to pursue discovery that he believes would have permitted him to develop substantially more information about the manner in which they conducted their business affairs.  Williams respectfully submits the information contained in the declarations demonstrates the factual allegations in his complaint as to the liability of each of the defendants were not simply wild claims; but were based on a reasonable belief as to the true state of affairs.  Williams submits that under these circumstances, the defendants should not be permitted to avoid liability by ignoring the claims against them.

## CONCLUSION

Williams respectfully asks that judgment be entered in his favor, in the form attached or otherwise.

Respectfully submitted,

Barry M. Bennett
DOWD, BLOCH & BENNETT
8 South Michigan Avenue, 19th Floor
Chicago, IL  60603
(312) 372-1361

　/s/ Barry M. Bennett　
Attorney for Shawn Williams

F:\Employment\E-Williams 07-6207\3.24.08 Filing\Plaintiff'sMemorandum in SupportFINAL.wpd