UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWN WILLIAMS, ) | |
| ) | Case No.  07 C 6207 |
| Plaintiff, ) | |
| ) | Judge Guzman |
| v. ) | |
| ) | Magistrate Judge Brown |
| Z. D. MASONRY, CORP., et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION FOR INSTRUCTIONS
AND MODIFICATION OF SCHEDULE**

Plaintiff Shawn Williams, through his attorneys, respectfully moves pursuant to Local Rule 54.3(g) for instructions regarding how to proceed and to modify the schedule by extending by 21 days the time to file his fee motion.  In support, Williams submits as follows:

1. This matter is an employment discrimination and civil rights action brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), and 42 U.S.C. ("§ 1981").

2. The Court entered judgment in favor of plaintiff and against the six defendants ("Defendants") on March 31, 2008.

3. Pursuant to the applicable statutes, Williams is entitled to recover his fees and costs from Defendants.

4. The procedure for seeking such fees and costs is provided in Local Rule 54.3; and under Rule 54.3(b), Williams's fee motion is due June 29 or at such other time as ordered by the Court, with that schedule subject to modification under Rule 54.3(g).

5.  Based on the experience in prior situations and information he had received indicating at least certain of the Defendants were still active and in this area, and his communications with an attorney who did not enter an appearance for any of the Defendants but communicated with him at various times regarding the case and indicated the possibility of entering an appearance, Williams's lawyer ("Bennett") felt there was a reasonable possibility that after receiving the judgment orders, some or all of the Defendants would move pursuant to Federal Rules 59 or 60 to have the entry of judgment vacated and to be given an opportunity to defend the case on the merits. Based on that expectation, and in an effort to avoid what might prove to be an unnecessary expenditure of time and money, Bennett decided after the judgment was entered to wait approximately a month before initiating the steps for preparing the fee motion. Bennett Declaration, ¶¶ 4-6.

6.  As of the date this motion is being filed, none of the Defendants has filed a motion for a new trial or relief from the judgment. *Id.*, 7.

7.  Under Rule 54.3(d) and (e), the parties are to confer and make a good faith effort to agree on the amount of fees and expenses to be awarded, and are to engage in a process intended to permit them to reach agreement or narrow their differences.

8.  Because the judgment was based on entry of default, and none of the Defendants has yet involved itself or himself in this matter, it does not appear the collaborative process contemplated by the rule can be used.

9.  Bennett wrote to each of the Defendants on June 5 to explain the situation and ask them to contact him within one week in an effort to pursue the necessary process,

and in doing so he explained his belief that such cooperation would lessen the ultimate costs to them.  *Id*., ¶ 10; Exhibit A.

10.     As the date this motion is being filed, none of the Defendants has responded, but Bennett will so inform the Court at the time he appears for this motion if any of the Defendants have contacted him by then.  Bennett Declaration, ¶ 11.

11.     Assuming none of the Defendants responds, Williams is prepared to file a fee motion without having obtained any of the types of agreement contemplated by Rule 54.3(d) and without submitting the joint statement contemplated by Rule 54.3(e); but in accord with Rule 54.3(g), Williams believes it is proper to request instructions from the Court before doing so.

12.     Williams also requests a modification of the schedule pursuant to Rule 54.3(g), in the form of an extension of 21 days for filing.

13.     Bennett did not delay the process intentionally and does not intend his request for this modification in the schedule to indicate disrespect for the Court.  As noted previously, and explained in the attached declaration, Bennett decided upon receipt of the judgment to wait approximately a month before expending what might prove to be unnecessary time and money because he thought there was a reasonable prospect the Defendants would move for relief from the judgment; and Bennett then faced an exceptionally and in some respects unexpectedly busy schedule from the beginning of May through the time he wrote to the Defendants in a final effort to establish contact and obtain the cooperation from them contemplated by Rule 54.3.  *Id*., ¶¶ 8-9.

14. Bennett is confident that if the Court instructs him to proceed with the fee motion without cooperation or involvement from the Defendants, and provides the requested 21 day extension, he will be able to complete the necessary tasks and present a fee motion in the proper form to the Court for its consideration. *Id.*, ¶ 12.

WHEREFORE, Williams respectfully asks that the Court provide instructions as it deems appropriate and that it grant his request for modification of the schedule by extending the time for filing his fee motion by 21 days.

          /s/ Barry M. Bennett
Attorney for Shawn Williams

Barry M. Bennett
DOW, BLOCH & BENNETT
8 S. Michigan Ave., 19th Floor
Chicago, IL  60603
312/372-1361

\\server2k\efile\Employment\E-Williams 07-6207\06.10.08 Filing\Motion for Instructions FINAL.wpd