# DECLARATION

**STATE OF ILLINOIS**     )
                          ) SS
**COUNTY OF COOK**     )

     I, Barry M. Bennett, of full age, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following:

     1.      I am a partner with the firm Dowd, Bloch & Bennett in Chicago.

     2.      I have primary responsibility for representation of Shawn Williams in the case against Z. D. Masonry, Corp., Northside Construction Development Corp., Mr. Zbigniew Dziadana, City of Chicago Masonry, Inc., Z. D. Masonry & Remodeling Corp. and Z.D. Masonry & Tuckpointing Corp. ("Defendants").

     3.      I submit this declaration in support of a fee motion I am filing under Local Rule 54.3.

     4.      I received an AB degree in 1976 from the University of Michigan and a JD in 1980 from Harvard Law School.

     5.      I was admitted to the bars of Pennsylvania and New Jersey in 1980, to the bar of the District of Columbia in 1982, and to the bar of the State of Illinois in 1986. I have been admitted to the regular and trial bars of the United States District Court for the Northern District of Illinois, to the bars of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court, and to the bars of several other federal district and appellate courts.



EXHIBIT
A

6.    From 1980 through 1985, I was an associate at a firm in Haddonfield, New Jersey, where about two-thirds of my time was devoted to labor and employment work and the remainder was devoted to miscellaneous work such as wills, divorces, and real estate.

7.    In 1986, I accepted a position as an associate with a Chicago firm that at the time was named Asher, Pavalon, Gittler & Greenfield. I became a partner in 1990 and remained with that firm (subject to various name changes) through 1997.

8.    I resigned my partnership with Asher Gittler in 1997 and joined my current firm, which then became Dowd, Bloch & Bennett.

9.    Since I came to Chicago in 1986, I have worked exclusively in labor and employment law.

10.   Along with the individual employment work, I have an active practice representing labor organizations. This side of my work involves a very substantial amount of litigation, almost all in the federal courts, and also involves negotiations, arbitration, work before various federal and state administrative agencies, and general counseling.

11.   My individual employment practice compromises counseling, negotiations, work before administrative agencies, and federal court litigation. I have had jury trials in federal court in a case under the Family and Medical Leave Act and in a case involving employment-related fraud, with both of those cases settling on very favorable terms, one

after the presentation of the plaintiff's case and the other while the jury was deliberating. I have also represented plaintiffs in other cases brought before the courts where the claims were resolved on motion or were settled before trial; and I have represented employees in matters before the Equal Employment Opportunity Commission, the Illinois Human Rights Commission, and the City of Chicago Human Resources Board.

    12.    In addition, over the last ten years or more, I have had what I estimate to be between 25 and 40 matters a year in which I provide services to individual clients in employment-related matters that do not involve litigation or the filing of charges. Many of these matters involve negotiation of employment agreements or severance agreements for executives or upper level employees. Others involve providing advice about rights and obligations under existing employment contracts, employment-related statutes, common law, or professional codes; and about rights and duties under post-employment agreements regarding matters such as non-competition, confidentiality, trade secrets, duty of loyalty, and whistle blowing. I also provide advice and work with clients to develop strategies for responding to any manner of other issues and problems that arise in connection with the employment relationship. Almost all of this work comes through referrals from former clients or from other attorneys, and in most instances the attorneys making such referrals are individuals who have been and often continue to be on the opposite side of cases from me.

13.    The charges I make for the individual employment work differ based on the nature of the work and the circumstances of the client, and our firm's structure gives me the flexibility to adapt the fee structure to particular situations. Nonetheless, I have what I consider to be a standard approach that I estimate I follow in over 90% of the individual employment matters I handle. This approach consists of several steps, not all of which apply in each situation but most or all of which I address with new clients when explaining the representation terms:

- Except in unusual situations, I will give almost anybody who has been referred to me at least ten minutes and sometimes thirty minutes or more on the telephone without charge.

- For individuals who are uncertain as to whether they want to pursue a matter, or for those whose situations appear from the initial telephone call to be subject to resolution through a limited amount of discussion and strategizing, I generally offer an initial consultation of up to two hours for a flat rate of $500.00.

- For individuals who appear likely to require more time, or whose situations at the initial stage will involve neither litigation nor negotiation with an adverse party, I charge a straight hourly fee. Depending on what I perceive to be the individual's circumstances, the fee is usually either $400.00 or $350.00 an hour. I occasionally perform work beyond the initial two hour consultation at a lower rate, but I estimate that less than 5% of my hourly fee, individual employment work is done at a rate below $350.00 an hour.

- I utilize a different structure for work that involves negotiation of severance agreements or that otherwise is intended to produce a financial recovery for the client, but that does not involve litigation. In these situations, I reduce the hourly rate by 20% and add a contingent fee equivalent to 10% of the value of the recovery or, if an initial offer has already been made, 10% of the value of any increase in the recovery. Depending on the circumstances, I may use this approach from the beginning of the representation or at some point I may advise the client that

Page 4 of  15

I believe it is appropriate to shift from the straight hourly arrangement to this mixed arrangement. Unless it is clear that the matter has no potential to evolve in this direction, I advise clients for whom I start working on a straight hourly basis that if the focus of the representation changes from investigation, analysis, and advice to negotiations or other efforts to obtain a financial recovery, the fee arrangements will change to this mixed hourly and contingent arrangement.

- At the beginning of the representation I advise clients whose situations seem to have the potential to require litigation that if the matter moves to litigation, I add a 20% premium to the hourly rate, explaining that I consider this premium to be justified both because (1) litigation requires additional skills that I at least claim to have but that I do not believe all employment attorneys have and (2) the ability of courts to set schedules and enforce deadlines means there is a greater burden placed on my schedule and the schedules of colleagues who become involved in the case if we find ourselves in court. I also explain to individual clients for whom there is at least a possibility of the matter evolving into litigation that I am open to a mixed hourly-contingent arrangement, but that the details will be dependent on the specific situation and my assessment of the likelihood of success.

14.    In this case, I seek a fee award based on $350.00 an hour for my time for work during the initial investigation and while the case was pending at the EEOC; and for work after that, based on $400.00 an hour for my time. In addition, I ask the award provide for fees at the rate of $90.00 an hour for work performed by a research clerk during the "EEOC phase"; and based on $350.00 an hour for work by two associate attorneys when the matter was in the litigation phase.

15.    As set forth in the table presented as ¶ 22 of this declaration, the breakdowns within this category are 14.5 hours of work by me during the EEOC phase

and one hour by research clerk during that period; and 85.35 hours by me, 7.60 hours by one associate, and .35 hours by another associate during the court phase.

16.     The two associate attorneys for whose work we seek recovery are Steven Jados and Michele Reynolds. Mr. Jados performed 7.60 hours of work, researching and preparing memos for me on pleading standards for affiliate and personal liability under Title VII and § 1981, compensatory and punitive damage issues, and questions involving the relationship between the entry of a default judgment and the prayer for relief, and providing information needed for this declaration and the motion it accompanies. Mr. Jados is a 2006 cum laude graduate of the University of Illinois College of Law and has a master's degree in human resources and industrial development. He began working with us as a law clerk in March 2006 and became an associate attorney in January 2007.

17.     Ms. Reynolds performed .35 hours of work calculating interest on the back pay claim for purposes of the prove-up documents. Ms. Reynolds has been a lawyer for over ten years, has been with us since 2004, has extensive experience in ERISA matters and benefit fund collection work, and was able to provide the interest calculations I needed for the back pay claim in a very brief amount of time.

18.     In accord with arrangements made when we accepted this case, our firm has received reimbursement for our out-of-pocket expenses during the course of the case, and we have also been paid for our work based on 50% of the rates for which we are now requesting entry of an award. In accord with the arrangements made at the

beginning of the case, we will reimburse the payments made from any fees recovered

from the defendants, and we will be entitled to keep the additional recovery.

19.    Attached to this declaration as Exhibit B is a breakdown of all work we

have performed in this case through the time I am filing this motion; and attached as

Exhibit C is a breakdown of all expenses.

20.    For purposes of the court's review, I have divided the work performed into

the following categories, and I have had Exhibit B annotated to show what work falls

within which category or categories:

A:    All work performed prior to beginning work on the complaint, with most such work involving filing and pursuing the EEOC charges, communicating with Mr. Williams and representatives of his union regarding those charges, communicating by telephone and in writing with various representatives of the EEOC, obtaining right to sue letters from the EEOC, and obtaining and reviewing the EEOC investigative file.

B:    Investigation into corporate status and registered agents; research, drafting, and related administrative work in connection with the preparation and filing of the complaint.

C:    Communications and oversight in connection with efforts to serve the complaints and summonses.

D:    Communications by letter, telephone, fax, and email from, to, and with Mr. Williams, court officials (including reading orders) the defendants, an attorney who did not file an appearance for the defendants but initiated several sets of communications in connection with the case, representatives of Mr. Williams's union, and individuals who had or were believed to have information about the whereabouts of the defendants or about the work performed by the defendants.

E:    Court appearances.

F:    Preparation of the two motions for entries of default.

G:    Preparation of written discovery.

H:    Legal research, drafting and revising a bench memo, preparation of and communications with potential witnesses and sources of information, investigation and preparation, and organization of written material for the scheduled prove-up hearing.

I:    Preparation of exhibits, affidavits, and declarations; research, calculation of amounts and interest, preparation of charts, communications with affiants and potential sources of information, and preparation of a lengthy memorandum in support of entry of the final judgment.

J:    Work related to the fee motion under Rule 54.3, including research, attempted communications with the defendants, preparation of a motion for instructions under Subsection (g) of Rule 54.3, communications with other attorneys about presentation of supporting declarations, drafting of model declarations as requested, organization and examination of time and expense records, preparation of this declaration, calculation and multiple checks of all amounts and sub-totals, and preparation of the accompanying motion, notice, service material, and proposed order.

21.    As stated above I have labeled each time entry on the attached Exhibit A to indicate which category or categories of work as described above is covered by that entry. The following breakdowns are not exact, because many time entries include work within more than one category, but my best estimate is that the division of work among the categories described in the previous paragraph is as follows:

A:    15.50

B:     9.60

C:     2.75

D:     5.70

Page 8 of  15

E:          6.75

F:          3.40

G:          1.10

H:          20.60

I:          20.10

J:          26.30

Total:    109.80

22.    Through the time of completing this declaration and the fee motion it accompanies, the breakdown of hours and fees for which we seek recovery is as follows:

| Name | Hours | Rate | Total |
|------|-------|------|-------|
| Barry M. Bennett EEOC | 14.50 | $350.00 | $5,075.00 |
| Research Clerk EEOC | 1.00 | $ 90.00 | $90.00 |
| Barry M. Bennett Post-EEOC | 86.35 | $400.00 | $34,540.00 |
| Steven W. Jados Post-EEOC | 7.60 | $350.00 | $2,660.00 |
| Michele M. Reynolds Post-EEOC | .35 | $350.00 | $122.50 |
| Combined Total | 109.80 | - | $42,487.50 |

23.    Exhibit B reflects .80 hours of work by our research clerk delivering documents to the EEOC on November 16, 2006.  I chose to have our research clerk

rather than a clerical employee make this delivery because there were questions about the timing of this set of EEOC filings, I had been in active contact with a newly assigned investigator who had requested amended and additional filings, and he had asked me to have the material delivered directly to him so he could examine it and address any possible changes. Because the investigator did not raise any substantive issues when he received the material, there was ultimately no actual purpose served that would not have been served if a clerical employee had made the delivery, and therefore I decided we would not seek recovery for that relatively small amount of work, and it is not included in the fee request.

24.     Attached as Exhibits D, E, and F are declarations from three experienced employment attorneys who were familiar with my work and the work of my firm, and who are also familiar with rate structures for such work in the Chicago legal community. One of the declarants, Robin Potter, is a very experienced plaintiff's attorney and two, Jules Crystal and Edward Jepson, are very experienced management attorneys with large firms. Each of those declarations supports the rates I requested for my work (and says nice things about me).

25.     None of the declarants has worked with or against the associates who performed the remainder of the work on this case, but Mr. Crystal's declaration states that he believes the requested rate of $350.00 an hour for their work is consistent with

rates charged for work by associates from other firms at what he considers to be our level.

26.   I certify and state on my word that I did perform all work attributed to me for which we seek fees (except for the requested two hours for anticipated future work); and that the work performed by my associates was performed under my supervision, I am satisfied it was performed as shown, and I believe it was performed with reasonable and proper efficiency.

27.   I also certify and state on my word that all work we performed was based on what I consider to have been reasonable judgments as to what was necessary to advance the interests of our client in this case.

28.   As to the amount of work involved, I note that even though the defendants defaulted, there were a number of factors that made the case more challenging, and required more time, than a situation where, for example, a fringe benefit trust fund sues to recover contributions, obtains a default, presents the audit on which its claims were based, and then obtains its judgment. Among the factors that required substantial effort and time expenditure were the following:

- We were pursuing the claim not simply against the entity to which Mr. Williams made his application, but against that entity's owner and four related business entities. That required us to research and plead the proper standards for expanding the liability, and to take other extra steps as the case progressed.

- None of the defendants cooperated, in some instances we faced what I considered to be mild forms of obstructionism by some of them, and in

Page 11 of  15

other instances the involvement of an attorney who never entered an appearance but communicated with me several times regarding certain of the defendants contributed to requiring additional work.

- I was required to make several court appearances in connection with two separate motions to obtain defaults, with those separate motions being necessitated by difficulties and delays in locating one of the corporate agents in order to make service; and I was also required to appear in connection with the prove-up process, and in connection with the Rule 54.3 process, which as I will address required an extra court appearance and additional steps because the defendants failed to engage in the collaborative process contemplated by the Local Rule for presenting such a fee motion.

- Substantial time was saved by the defendants' default, and our client's interest was certainly served by that default. Nonetheless, the absence of involvement by the defendants meant we were required to develop, on our own, information as to actual work performed by the defendants starting with the time Mr. Williams was discriminatorily denied employment. Doing that required me to work with a number of individuals who had access to various forms and amounts of information about the defendants' activities.

- When the Court entered the default and scheduled the prove-up hearing, it indicated that although the defendants had defaulted, we would be expected to present at least some meaningful evidence to support the claim that the individual defendant and the related businesses should be held liable. That instruction required further research into the issue, and required development and presentation of factual information about the interrelationships and the workings of the various businesses.

- After preparing a bench memo, and preparing Mr. Williams and the individuals with knowledge of the defendants' activities, to testify at a scheduled prove-up hearing, the Court offered us the option of presenting our position for prove-up purposes through affidavits and documents rather than through live testimony. I appreciated being given that opportunity and chose to present this part of our case through written submissions, despite having completed the work necessary for presentations through testimony. (I am not sure we would have faced any difficulties presenting this information through testimony, but the Court ultimately granted us all the

Page 12 of 15

monetary relief we requested in the written submissions, and therefore it
could not have been *dis*advantageous to proceed that way.)  A substantial
portion of the work that ultimately went into the written submissions had
already been done in preparing the bench memo and the information for
presentation at the anticipated prove-up hearing; but there was substantial
additional work needed in preparing the written material that we eventually
submitted in place of testimony.

- Because we were seeking punitive damages, we were required to research
  and present arguments and information as to the propriety of awarding
  punitive damages in default situations generally, and in this particular
  matter.

- In connection with the fee motion process, the defendants' failure to
  cooperate and engage in the processes provided for under Local 54.3
  required that we detail, explain, and justify everything related to our work,
  and otherwise provide full information and support for our request to
  recover fees and expenses, rather than having the opportunity to reach
  agreement on much or all of this issue as contemplated by the Local Rule.
  Furthermore, the defendants' failure meant that I had to devote extra efforts
  to attempting unsuccessfully to communicate with them, and I had to
  research, prepare, and appear for a motion seeking instructions from the
  Court as to how to proceed in the absence of such cooperation.

29.    I immodestly believe that we did a very good job in this case, as evidenced

by the judgment of the Court granting all monetary relief we requested.  I do not believe I

have ever had a case where at the end of it I could not identify some missteps or

unproductive expenditures of time, and this case is no exception; but I believe that we

worked very efficiently and effectively throughout this case, and that any effort devoted

to the matter beyond what, in retrospect, proved to be an absolute necessity was

consistent with the approach our firm normally takes of trying to prepare for and cover

all possibilities, while making an efficient balance of expenditures against anticipated results.

30.    In addition to the work performed to date, I estimate I will devote at least two additional hours to this matter appearing in court, examining whatever order is issued, and communicating with Mr. Williams and the defendants, and therefore we request that the fee award include two additional hours of my time at the rate of $400.00 an hour.

31.    As shown on Exhibit C, the expense items for which we seek reimbursement are as follows:

| | |
|---|---|
| Computer research charges: | $110.47 |
| Internal copying, charged at the rate of 20¢ per page but only charged for four very large copying jobs: | $133.80 |
| Fee paid to outside copy service designated by the EEOC for providing a copy of the EEOC file: | $33.66 |
| Court filing fee: | $350.00 |
| Fees paid for service for summonses and complaints: | $440.00 |
| Charges for certified mailing and express delivery service: | $5.94 |
| Standard internal expense charge for six e-filings, at established rate of $25.00 per filing: | <u>$150.00</u> |
| Total: | $1,223.87 |

32.    I certify and state on my word that all of the expenses for which we seek an award were actually incurred and that all those expenses were incurred based on my judgments as to what was necessary to pursue this case properly.

I have read the foregoing Declaration and swear that it is true and correct to the best of my knowledge, information, and belief.

_____
Barry M. Bennett

Date: July 23, 2008

Z:\data\amh\BMB\DC1\ZD\CDocs\DeclarationBMB.wpd

7/11/2008
9:15 AM

DOWD, BLOCH & BENNETT
Slip Listing

Page     1



Selection Criteria

Slip.Classification     Open
Slip.Date     Earliest - 6/30/2008
Client (hand select     Include: EB WILLIAMS, S.
Slip.Slip Type     Time

| Slip ID | Attorney | Units |
| Dates and Time | Activity | DNB Time |
| Posting Status | Client | |
| Description | Reference | Variance |
|---|---|---|
| 98831          TIME | BMB | 1.10          A |
| 10/23/2006 | EH | 0.00 |
| Billed          G:10927          12/21/2006 | EB WILLIAMS, S. | |
| Examine signed representation agreement; | | 0.00 |
| check right to sue letter, EEOC charge, and | | |
| corporate agent/status for ZD; initial | | |
| research on proper defendant indentity and | | |
| naming possible alter egos/successors. | | |
| | | |
| 99143          TIME | SWJ | 1.00          A |
| 10/25/2006 | EH | 0.00 |
| Billed          G:10927          12/21/2006 | EB WILLIAMS, S. | |
| Research case law on claims against all | | 0.00 |
| corporations owned by single defendant. | | |
| (Research Clerk.) | | |
| | | |
| 99233          TIME | BMB | 0.50          A |
| 10/31/2006 | EH | 0.00 |
| Billed          G:10927          12/21/2006 | EB WILLIAMS, S. | |
| Read cases on alter ego, single employer, | | 0.00 |
| and other cross-corporate liability grounds. | | |
| | | |
| 99878          TIME | BMB | 0.50          A |
| 11/9/2006 | EH | 0.00 |
| Billed          G:10927          12/21/2006 | EB WILLIAMS, S. | |
| Listen to substantive voicemail message | | 0.00 |
| from L. Padilla; phone conferences with | | |
| EEOC Agent George and with S. Nelms. | | |
| | | |
| 100530          TIME | BMB | 0.60          A |
| 11/10/2006 | EH | 0.00 |
| Billed          G:10927          12/21/2006 | EB WILLIAMS, S. | |

7/11/2008                            DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                        Page      2


| Slip ID | | Attorney | | Units |
|---|---|---|---|---|
| Dates and Time | | Activity | | DNB Time |
| Posting Status | | Client | | |
| Description | | Reference | | Variance |
| Phone conferences with L. Padilla, S. Williams, and J. Allen; leave substantive message for EEOC Agent Mikel. | | | | 0.00 |

100588          TIME                 BMB                          2.25        *A*
11/15/2006                            LABOR                        0.00
Billed        G:10927    12/21/2006 EB WILLIAMS, S.
Phone conferences with EEOC                                        0.00
Investigator Mikel (three - one lengthy), S.
Williams, and L. Padilla (3); prepare
amended charge; locate and examine
extensive material on other business names;
prepare outlines/forms for new charges
against sole owner and other corporations.

100593          TIME                 BMB                          3.40        *A*
11/16/2006                            EH                           0.00
Billed        G:10927    12/21/2006 EB WILLIAMS, S.
Revise amended charge; check corporate                            0.00
material and prepare six new charges; final
revisions to and check of all charges;
dictate letter to Rowe and letter to Mikel;
revisions; phone conferences with L.
Padilla (2) and B. Mikel; conference with
S. Williams; revise letters to Rowe and
Mikel.

100813          TIME                 SWJ                          0.80
11/16/2006                            EH                           0.00
Billed        G:10927    12/21/2006 EB WILLIAMS, S.
Deliver complaint to the EEOC. (Research                          0.00
Clerk.)

100980          TIME                 BMB                          0.30        *A*
11/20/2006                            EH                           0.00
Billed        G:10927    12/21/2006 EB WILLIAMS, S.
Listen to substantive voicemail message                           0.00
from and phone conference with J.
Gandy/EEOC.

100994          TIME                 BMB                          0.60        *A*
11/21/2006                            EH                           0.00
Billed        G:10927    12/21/2006 EB WILLIAMS, S.
Dictate draft of lengthy letter to S. Williams                    0.00
and Union officials; check file material for

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |

dates and other details as needed.

| 100999 | TIME | BMB | 0.30 | *A* |
| 11/22/2006 | | EH | 0.00 | |
| Billed | G:10927     12/21/2006 | EB WILLIAMS, S. | | |
| Revise, supplement, and proof lengthy letter | | | 0.00 | |
| to S. Williams and Union officials. | | | | |

| 104891 | TIME | BMB | 0.15 | *A* |
| 1/9/2007 | | EH | 0.00 | |
| Billed | G:11818     4/13/2007 | EB WILLIAMS, S. | | |
| Phone conference with EEOC Agent. | | | 0.00 | |

| 105134 | TIME | BMB | 0.15 | *A* |
| 1/11/2007 | | EH | 0.00 | |
| Billed | G:11818     4/13/2007 | EB WILLIAMS, S. | | |
| Dictate letter to S. Williams; revisions. | | | 0.00 | |

| 108511 | TIME | BMB | 0.20 | *A* |
| 2/20/2007 | | EH | 0.00 | |
| Billed | G:11818     4/13/2007 | EB WILLIAMS, S. | | |
| Read letters from EEOC regarding | | | 0.00 | |
| reassignment. | | | | |

| 122858 | TIME | BMB | 0.20 | *A* |
| 7/16/2007 | | EH | 0.00 | |
| Billed | G:12746     9/26/2007 | EB WILLIAMS, S. | | |
| Phone conference with S. Williams. | | | 0.00 | |

| 124215 | TIME | BMB | 0.50 | *A* |
| 7/24/2007 | | EH | 0.00 | |
| Billed | G:12746     9/26/2007 | EB WILLIAMS, S. | | |
| Review charges and communications with | | | 0.00 | |
| EEOC; check provisions on request for | | | | |
| Right to Sue letter; phone conference with | | | | |
| J. Allen (apportioned). | | | | |

| 124227 | TIME | BMB | 1.25 | *A* |
| 7/25/2007 | | EH | 0.00 | |
| Billed | G:12746     9/26/2007 | EB WILLIAMS, S. | | |
| Phone conferences with S. Williams and L. | | | 0.00 | |
| Padilla; prepare draft of request for Right | | | | |
| to Sue Letter; revisions; organize material | | | | |
| on separate charges; check requests for all | | | | |
| 10 charges; finalize letters. | | | | |

7/11/2008
9:15 AM

DOWD, BLOCH & BENNETT
Slip Listing

Page    4

| Slip ID | | | Attorney | Units |
|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time |
| Posting Status | | | Client | |
| Description | | | Reference | Variance |
| 125575 | TIME | | BMB | 0.50 |
| 8/15/2007 | | | EH | 0.00 |
| Billed | G:12746 | 9/26/2007 | EB WILLIAMS, S. | |
| Check prior letters to EEOC; phone | | | | 0.00 |
| conference with EEOC agent; dictate letter | | | | |
| to S. Williams; revisions. | | | | |
| 127771 | TIME | | BMB | 0.20 |
| 9/6/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Note receipt of Right to Sue Letters; | | | | 0.00 |
| dictate letter to S. Williams; revisions. | | | | |
| 127803 | TIME | | BMB | 0.60 |
| 9/10/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Check Right to Sue Letters against | | | | 0.00 |
| requests and prior correspondence from | | | | |
| EEOC/confirm completeness and | | | | |
| accuracy; read separate notice from | | | | |
| EEOC; dictate draft of letter to | | | | |
| Gaddis/EEOC regarding file copies. | | | | |
| 128095 | TIME | | BMB | 0.25 |
| 9/11/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Revise letter to Gaddis and check all | | | | 0.00 |
| charge numbers; dictate letter to S. | | | | |
| Williams; revisions. | | | | |
| 128813 | TIME | | BMB | 0.15 |
| 9/18/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Read letter and document from EEOC; | | | | 0.00 |
| execute authorization and consent. | | | | |
| 129888 | TIME | | BMB | 0.10 |
| 9/24/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Phone conference with copy service used | | | | 0.00 |
| by EEOC. | | | | |
| 130901 | TIME | | BMB | 0.50 |
| 10/3/2007 | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |

*A* (handwritten marks appear beside each entry)

7/11/2008                            DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                          Page      5


| Slip ID | Attorney | Units |
| Dates and Time | Activity | DNB Time |
| Posting Status | Client | |
| Description | Reference | Variance |
|---|---|---|
| Read/skim copies of contents of ten EEOC files. | | 0.00 |
| | | |
| 130915 TIME | BMB | 0.20 |
| 10/5/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Phone conference with J. Allen; dictate letter to S. Williams; revisions. | | 0.00 |
| | | |
| 131455 TIME | BMB | 1.40 |
| 10/16/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Phone conference with S. Williams; review EEOC material; dictate rough draft of complaint/adapt existing model as applicable. | | 0.00 |
| | | |
| 131697 TIME | SWJ | 1.40 |
| 10/17/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Research pleading standards for affiliate/personal liability under Title VII and Section 1981. | | 0.00 |
| | | |
| 131704 TIME | SWJ | 1.50 |
| 10/18/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Continue to research pleading requirements for affiliate and personal liability on Title VII and § 1981 cases. | | 0.00 |
| | | |
| 131724 TIME | SWJ | 0.60 |
| 10/19/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Prepare memo on pleading requirements for affiliate and personal liability in Title VII and § 1981 cases. | | 0.00 |
| | | |
| 132216 TIME | BMB | 2.15 |
| 10/21/2007 | EH | 0.00 |
| Billed    G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Read memo and cases on required relationship among related businesses and individual owner; conduct on-line check of corporate status of five business entity | | 0.00 |

*A*

*B*

*B*

*B*

*B*

*B*

DOWD, BLOCH & BENNETT
Slip Listing

| Slip ID Dates and Time Posting Status Description | Attorney Activity Client Reference | Units DNB Time Variance |
|---|---|---|

defendants; revise and supplement draft of complaint; confirm EEOC filings and Right to Sue Letters; re-read notes on refusal to hire and  attempt to identify working business or businesses.

| 133738 | TIME | | | BMB | 0.85 |
| 11/1/2007 | | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Further revisions and additions to complaint; review address information from EEOC communications and corporate registry; provide instructions for summonses. | | | | | 0.00 |

*B*

| 133744 | TIME | | | BMB | 1.70 |
| 11/2/2007 | | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Final revisions to and check of complaint; check summonses (6) and make corrections as needed; prepare and check civil cover sheet and appearance; revisions; final check of all material for filing; examine documents from court; dictate/revise letter to S. Williams. | | | | | 0.00 |

*B*

| 133754 | TIME | | | BMB | 0.25 |
| 11/5/2007 | | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Phone conference with and dictate letter to Boderick/Elite; check Judge Guzman's initial procedures/requirements. | | | | | 0.00 |

*C*

| 134385 | TIME | | | BMB | 0.40 |
| 11/19/2007 | | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Phone conferences with M. Broderick and J. Prebola. | | | | | 0.00 |

*C*

| 134618 | TIME | | | BMB | 0.25 |
| 11/27/2007 | | | | EH | 0.00 |
| Billed | G:13302 | 2/18/2008 | EB WILLIAMS, S. | |
| Phone conference with and read emails (3) from Broderick/Elite Process. | | | | | 0.00 |

*C*

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Attorney<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br><br>Variance | |
|---|---|---|---|
| 134648          TIME<br>11/29/2007<br>Billed          G:13302          2/18/2008<br>Brief phone conference with L. Padilla. | BMB<br>EH<br>EB WILLIAMS, S. | 0.10<br>0.00<br><br>0.00 | C |
| 135660          TIME<br>12/4/2007<br>Billed          G:13302          2/18/2008<br>Examine affidavits and invoices (three of<br>each) for Elite for Northside, City, and<br>Dziadana; provide instructions for payment. | BMB<br>EH<br>EB WILLIAMS, S. | 0.20<br>0.00<br><br>0.00 | C |
| 136559          TIME<br>12/9/2007<br>Billed          G:13302          2/18/2008<br>Review two additional sets of service<br>documents and bills from Elite. | BMB<br>EH<br>EB WILLIAMS, S. | 0.15<br>0.00<br><br>0.00 | C |
| 136577          TIME<br>12/10/2007<br>Billed          G:13302          2/18/2008<br>Phone conference with and dictate/revise<br>letter to Broderick/Elite; prepare check<br>enclosures. | BMB<br>EH<br>EB WILLIAMS, S. | 0.50<br>0.00<br><br>0.00 | C |
| 137962          TIME<br>12/21/2007<br>Billed          G:13302          2/18/2008<br>Read completed return of service forms<br>and check affidavit (5 of each); provide<br>instructions for filing; skim filing<br>confimation notices (5) and check answer<br>due dates; check bills and provide<br>instructions for payment; dictate letter to S.<br>Williams; revisions. | BMB<br>EH<br>EB WILLIAMS, S. | 0.65<br>0.00<br><br>0.00 | C  .45<br>D  .20 |
| 137972          TIME<br>12/24/2007<br>Billed          G:13302          2/18/2008<br>Read service material and bill from Elite<br>regarding service on Tuckpointing Corp;<br>check previous material to confirm service<br>completed on all defendants; check default<br>dates on other defendants and check<br>hearing schedule. | BMB<br>EH<br>EB WILLIAMS, S. | 0.45<br>0.00<br><br>0.00 | C |

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |
| 137976 | TIME | BMB | 0.85 |
| 12/26/2007 | | EH | 0.00 |
| Billed | G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Review complaint; dictate draft of notice, motion and proposed order; provide instructions for filing proof of service and paying fee on Tuckpointing service. | | | 0.00 |

F

| 137989 | TIME | BMB | 1.35 |
|---|---|---|---|
| 12/27/2007 | | EH | 0.00 |
| Billed | G:13302    2/18/2008 | EB WILLIAMS, S. | |
| Revise and supplement notice, motion and proposed order; prepare exhibits; additional revisions and corrections to motion; check hearing schedule and Judge Guzman's on-line procedures; final check of all documents for service and filing; dictate letter to S. Williams; revisions. | | | 0.00 |

D  .35
F  1.20

| 138644 | TIME | BMB | 0.35 |
|---|---|---|---|
| 1/2/2008 | | EH | 0.00 |
| Billed | G:13499    3/27/2008 | EB WILLIAMS, S. | |
| Check calendar to confirm hearing; phone conference with C. Gainer; quick skim of motion and related papers. | | | 0.00 |

F

| 138653 | TIME | BMB | 2.20 |
|---|---|---|---|
| 1/3/2008 | | EH | 0.00 |
| Billed | G:13499    3/27/2008 | EB WILLIAMS, S. | |
| Listen to substantive voicemail message from Wolski; check current listing on Secretary of State's website for corporate agent; attend hearing before Judge Guzman; dictate letter to S. Williams; revisions. | | | 0.00 |

D  .70
E  1.50

| 138679 | TIME | BMB | 0.80 |
|---|---|---|---|
| 1/8/2008 | | EH | 0.00 |
| Billed | G:13499    3/27/2008 | EB WILLIAMS, S. | |
| Prepare notice, motion, exhibit, and proposed order/adapt material from previous motion as applicable; check service material for tuckpointing and prepare exhibit; revisions, prepare certificate of service and check location; | | | 0.00 |

D  .15
F  .65

7/11/2008                          DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                              Page      9


Slip ID                               Attorney                    Units
  Dates and Time                      Activity                    DNB Time
  Posting Status                      Client
  Description                         Reference                    Variance
────────────────────────────────────────────────────────────────
  final check of all documents for service and
  filing; dictate brief letter to S. Williams.

138880            TIME                BMB                          0.15           D
  1/10/2008                           EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Check court calendar to confirm hearing                         0.00
  date; listen to substantive voicemail
  message from S. Williams.

138918            TIME                BMB                          0.70           D
  1/14/2008                           EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Phone conferences with L Padilla, D.                            0.00
  Rozenstrauch, and C. Gainer.

139669            TIME                BMB                          0.55     D    .20
  1/24/2008                           EH                           0.00     F    .35
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Prepare revised notice of motion and check                     0.00
  all material for filing; dictate drafts of
  letters to S. Williams and to Rozenstrauch;
  revisions (1/25).

139681            TIME                BMB                          0.10           D
  1/28/2008                           EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Read minute order regarding status.                            0.00           D

139682            TIME                BMB                          0.15
  1/29/2008                           EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Phone conference with Rozenstruck                              0.00
  assistant regarding hearing and intended
  bankruptcy filings.

140160            TIME                BMB                          1.75           E
  1/31/2008                           EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.
  Review motion and complaint; attend                            0.00
  hearing before Judge Guzman.

141274            TIME                BMB                          0.10           D
  2/4/2008                            EH                           0.00
  Billed          G:13499    3/27/2008   EB WILLIAMS, S.

7/11/2008                                DOWD, BLOCH & BENNETT
9:15 AM                                      Slip Listing                       Page    10

| Slip ID | | | Attorney | Units |
|---|---|---|---|---|
| Dates and Time | | | Activity | DNB Time |
| Posting Status | | | Client | |
| Description | | | Reference | Variance |
| Read minute order, signed order for prove-up hearing, and filing notices from court. | | | | 0.00 |
| 141286 | TIME | | BMB | 0.40 |
| 2/5/2008 | | | EH | 0.00 |
| Billed | G:13499 | 3/27/2008 | EB WILLIAMS, S. | |
| Dictate letters to S. Williams, Rozenstrauch, Dziadana, and Registered Agents (four letters total); revisions. | | | | 0.00 |
| 142273 | TIME | | BMB | 1.10 |
| 2/18/2008 | | | EH | 0.00 |
| Billed | G:13499 | 3/27/2008 | EB WILLIAMS, S. | |
| Check order; check current corporate listing for ZD, note withdrawal of agent; check Federal Rules; dictate draft of deposition notice, document rider, and letter to Dziadana; revisions; prepare certificate of service; final check of all documents; note return from Wolski. | | | | 0.00 |
| 142879 | TIME | | BMB | 1.45 |
| 2/20/2008 | | | EH | 0.00 |
| Billed | G:13499 | 3/27/2008 | EB WILLIAMS, S. | |
| Phone conferences with S. Williams (2), R. Fital (2), A. Kwiecien, L. Padilla, and Rosenstrauch; review file on NLRB case to determine possible availability for prove-up hearing. | | | | 0.00 |
| 142889 | TIME | | BMB | 0.25 |
| 2/21/2008 | | | EH | 0.00 |
| Billed | G:13499 | 3/27/2008 | EB WILLIAMS, S. | |
| Phone conference with L. Padilla regarding investigation into work by ZD and availability for hearing. | | | | 0.00 |
| 143117 | TIME | | BMB | 0.10 |
| 2/27/2008 | | | EH | 0.00 |
| Billed | G:13499 | 3/27/2008 | EB WILLIAMS, S. | |
| Note receipt of returned notices to Dziadana and ZD. | | | | 0.00 |

D

G

H

H

H

7/11/2008
9:15 AM

DOWD, BLOCH & BENNETT
Slip Listing

Page    11

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |
| 143611 | TIME | BMB | 1.50 |
| 3/3/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| | | | 0.00 |

Phone conference with Kherra; phone
conferences with R. Fital (2) and A.
Kwicien regarding scheduled meeting;
phone conference with J. Prebola; review
NLRB file for pay information and prepare
outline.

D  .20
H  1.30

| 143627 | TIME | BMB | 1.70 |
| 3/4/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| | | | 0.00 |

Conference with S. Williams, L. Padilla, R.
Fital, A. Kwiecien; examine documents;
phone conference with J. Thompson
(apportioned).

H

| 143653 | TIME | BMB | 0.15 |
| 3/5/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| | | | 0.00 |

Read bankruptcy notice regarding
Wlodzimierz Dziadana; determine agent
status/Tuckpointing.

D

| 144247 | TIME | BMB | 3.45 |
| 3/7/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| | | | 0.00 |

Conference with S. Williams, R. Fital, A.
Kwiecien , and L. Padilla; examine
documents from S. Williams; discuss
testimony for prove-up hearing; phone
conferences with J. Thompson, M.
Erdenberger, L. Padilla (2); meeting with L.
Padilla and review file pictures; examine
W-2 form from Williams.

H

| 144259 | TIME | BMB | 6.60 |
| 3/10/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| | | | 0.00 |

Phone conference with S. Williams; review
additional tax documents from S. Williams;
conference with A. Kwiecien and M.
Erdenberger; prepare testimony outline for
A. Kwiecien and M. Erdenberger; organize

H

7/11/2008                          DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                          Page    12

| Slip ID | Attorney | Units |
|---------|----------|-------|
| Dates and Time | Activity | DNB Time |
| Posting Status | Client | |
| Description | Reference | Variance |

tax/income documents from S. Williams;
calculate weekly and total hours; determine
gross and net back pay figures; dictate
drafts of questions for S. Williams and R.
Fital; refer to backup documents as needed;
revisions and additions; provide
instructions/assignment for research on
punitive damage issues; dictate draft of
bench memo; revisions; begin to prepare
anticipated exhibits.

| | | | | | |
|---|---|---|---|---|---|
| 144545 | TIME | | SWJ | 2.00 | H |
| 3/10/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Research the availability of compensatory
and punitive damages in a Title VII and
Section 1981 case, including in context of a
default.                                                          0.00

| | | | | | | |
|---|---|---|---|---|---|---|
| 144266 | TIME | | BMB | 6.25 | E | 3.75 |
| 3/11/2008 | | | EH | 0.00 | H | 2.50 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | | |

Further revisions and additions to draft of                   0.00
bench memo; calculate lost pay figures and
incorporate into memo; read cases on
punitive damages and defaults; conferences
with S. Williams and R. Fital to prepare for
hearing; revise and expand testimony
outlines; final organization of exhibits for
hearing and final revisions to bench memo;
meet with A. Kwiecien and M.
Erdenberger at court for final preparation;
discuss hearing procedures with witnesses;
attend hearing before Judge Guzman.

| | | | | | |
|---|---|---|---|---|---|
| 144271 | TIME | | BMB | 2.30 | I |
| 3/12/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Phone conferences with J. Allen and R.                        0.00
Fital; review file documents on alter
ego/single employer claim; review
notes/testimony summaries for S. Williams,
A. Kwiecien, and M. Erdenberger; dictate
drafts of proposed affidavits for S.
Williams, A. Kwiecien and M.

7/11/2008                           DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                        Page    13

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |

Erdenberger; revise and supplement drafts
of three affidavits.

| 144781 | TIME | | BMB | 0.90 | 工 |
|---|---|---|---|---|---|
| 3/14/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Phone conferences with R. Fital (2); brief
calls with A. Kwiecien and M.
Erdenberger; revise three affidavits and
make final check of each; prepare
attachments for Williams affidavit; dictate
letter to S. Williams and separate letter to
A. Kwiecien and M. Erdenberger; revisions
to both letters.
                                                                        0.00

| 144804 | TIME | | BMB | 0.75 | 工 |
|---|---|---|---|---|---|
| 3/17/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Phone conferences with L. Padilla, A.
Kwiecien, and M. Erdenberger (2).
                                                                        0.00

| 145032 | TIME | | BMB | 0.55 | 工 |
|---|---|---|---|---|---|
| 3/18/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Examine signed declaration from A.
Kwiecien; conference with M.
Erdenberger; examine material receipts;
prepare revised declaration for M.
Erdenberger.
                                                                        0.00

| 145042 | TIME | | BMB | 0.40 | 工 |
|---|---|---|---|---|---|
| 3/19/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Phone conference with S. Williams; listen
to substantive voicemail message from and
phone conference with L. Padilla.
                                                                        0.00

| 145059 | TIME | | BMB | 2.20 | 工 |
|---|---|---|---|---|---|
| 3/20/2008 | | | EH | 0.00 | |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | | |

Phone conferences with R. Fital (two -
apportioned) and L. Padilla; review R. Fital
testimony outline and material in Union file
on investigation; dictate draft of declaration
for R. Fital and identify payment
                                                                        0.00

DOWD, BLOCH & BENNETT
Slip Listing                                    Page    14

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | Attorney<br>Activity<br>Client<br>Reference | Units<br>DNB Time<br><br>Variance |
|---|---|---|

information.

| 145156 | TIME | | BMB | 1.90 |
| 3/21/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |
| | | | | 0.00 |

Phone conferences with S. Williams, L.
Padilla (2), R. Fital; note receipt of signed
affidavit from S. Williams; revise and
supplement draft of declaration for R. Fital;
begin to adapt bench memo from scheduled
prove-up hearing for use as memorandum
to accompany request for entry of
judgment; provide research assignment on
default policy.

| 145420 | TIME | | SWJ | 0.10 |
| 3/21/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |
| | | | | 0.00 |

Conference with B. Bennett regarding
research on well-pleaded allegations
accepted as true upon entry of default.

| 145293 | TIME | | BMB | 1.60 |
| 3/22/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |
| | | | | 0.00 |

Locate documents on pay practices for
possible use with R. Fital declaration; read
report from investigation; read/skim cases
on individual and alter ego liability and on
punitive damages.

| 145421 | TIME | | SWJ | 1.70 |
| 3/23/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |
| | | | | 0.00 |

Conference with B. Bennett regarding case
law on well-pleaded allegations accepted as
true on entry of default.

| 145300 | TIME | | BMB | 7.35 |
| 3/24/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |
| | | | | 0.00 |

Conference with R. Fital and L. Padilla;
review documents with R. Fital, develop
additional information, prepare additional
material for R. Fital declaration; revise and

7/11/2008                              DOWD, BLOCH & BENNETT
9:15 AM                                    Slip Listing                        Page    15


| Slip ID | Attorney | Units |
| --- | --- | --- |
| Dates and Time | Activity | DNB Time |
| Posting Status | Client | |
| Description | Reference | Variance |

finalize declaration for R. Fital; read cases
on effect of default and re-read cases on
punitive damages in default; check
corporate status/agent information; re-read
complaint; confirm interim earning and net
back-pay figure; conference with M.
Reynolds and receive documents on
pre-judgment interest calculations; dictate
new material for memo on interest, punitive
damages, and hiring order; dictate section
on common liability; locate and insert
references to declarations and supporting
material; revisions and editing to memo;
dictate draft of proposed judgment order;
revisions to proposed order; dictate notice
and certificate of service; final revisions
and corrections to memo, proposed order,
and notice/certificate; prepare entire
package for filing and service.

| 145351 | TIME | MMR | 0.35 |
| --- | --- | --- | --- |
| 3/24/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| Discuss interest with B. Bennett; calculate | | | 0.00 |
| interest owed on employment claims. | | | |

| 145465 | TIME | BMB | 0.50 |
| --- | --- | --- | --- |
| 3/25/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| Check filing documents from court; dictate | | | 0.00 |
| drafts of letters (2) to S. Williams and to J. | | | |
| Allen; revisions; check copies and | | | |
| enclosures. | | | |

| 146815 | TIME | BMB | 0.50 |
| --- | --- | --- | --- |
| 4/1/2008 | | EH | 0.00 |
| Billed | G:13786    5/7/2008 | EB WILLIAMS, S. | |
| Read order; phone conferences with S. | | | 0.00 |
| Williams and R. Fital; check requested | | | |
| order. | | | |

| 146854 | TIME | BMB | 0.90 |
| --- | --- | --- | --- |
| 4/4/2008 | | LABOR | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Read minute order and judgment order; | | | 0.00 |

7/11/2008                          DOWD, BLOCH & BENNETT
9:15 AM                                  Slip Listing                          Page    16

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |

check against proposed form; check Rules
59 and 60 on motions to amend; dictate
letters (2) to S. Williams and J. Allen;
revisions; prepare listserve inquiry on Local
Rule 54.3 motion.

| 147163 | TIME | | BMB | 0.70 |
|---|---|---|---|---|
| 4/7/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |

Phone conference with and initial review of                    0.00
fee petition documents from A. Maduff.

| 147629 | TIME | | BMB | 0.15 |
|---|---|---|---|---|
| 4/14/2008 | | | EH | 0.00 |
| Billed | G:13786 | 5/7/2008 | EB WILLIAMS, S. | |

Phone conference with S. Williams; check                       0.00
timing under Rule 54.3.

| 152822 | TIME | | BMB | 0.10 |
|---|---|---|---|---|
| 6/4/2008 | | | EH | 0.00 |
| WIP | | | EB WILLIAMS, S. | |

Read notice from Bankruptcy Court                              0.00
regarding Wlodzimierz Dziadana.

| 152825 | TIME | | BMB | 1.45 |
|---|---|---|---|---|
| 6/5/2008 | | | EH | 0.00 |
| WIP | | | EB WILLIAMS, S. | |

Check last notice of filing; dictate letter to                 0.00
defendants; check L.R. 54.3(d) - (g);
dictate draft of part of notice and motion
for instruction and extension; revise letter to
defendants.

| 152939 | TIME | | BMB | 1.20 |
|---|---|---|---|---|
| 6/10/2008 | | | EH | 0.00 |
| WIP | | | EB WILLIAMS, S. | |

Dictate remainder of motion and dictate                        0.00
draft of declaration; revise and supplement
notice, motion, and declaration; prepare
exhibit and certificate of service; final
revisions to and proofing of all documents;
provide instructions for filing, and service;
check file-stamped material from court;
dictate letter to S. Williams; revisions.

7/11/2008                                    DOWD, BLOCH & BENNETT
9:15 AM                                           Slip Listing                          Page      17

| Slip ID | | Attorney | Units |
|---|---|---|---|
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |
| 153543 | TIME | BMB | 1.00 |
| 6/17/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Review motion; attend hearing before Judge Guzman. | | | 0.00 |
| 154007 | TIME | BMB | 0.60 |
| 6/20/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Read order; phone conferences with B. Arbetter, E. Jepson, and J. Crystal regarding affidavits to support fee motion. | | | 0.00 |
| 154226 | TIME | BMB | 0.75 |
| 6/27/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Check information on Crystal; dictate draft of portion of declaration supporting hourly fee; revisions; dictate letter to J. Crystal; final corrections to draft of affidavit and to letter. | | | 0.00 |
| 154239 | TIME | BMB | 1.20 |
| 6/28/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Review model affidavits provided by Maduff; dictate draft of first part of personal affidavit. | | | 0.00 |
| 154245 | TIME | BMB | 0.25 |
| 6/30/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Phone conference and exchange emails (7/1) with J. Crystal regarding affidavit. | | | 0.00 |

E

J

J

J

J

| 7/23/2008 | DOWD, BLOCH & BENNETT | | |
| 11:54 AM | Slip Listing | Page | 1 |

---

### Selection Criteria

Slip.Classification     Open
Slip.Date               7/1/2008 - 7/23/2008
Client (hand select     Include: EB WILLIAMS, S.

---

| Slip ID | | Attorney | Units |
| Dates and Time | | Activity | DNB Time |
| Posting Status | | Client | |
| Description | | Reference | Variance |
| --- | --- | --- | --- |
| 154901 | TIME | BMB | 0.30 |
| 7/2/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Note receipt of executed affidavit from Crystal; prepare email to Crystal and leave substantive message for R. Potter regarding affidavit. | | | 0.00 |
| 154915 | TIME | BMB | 0.55 |
| 7/3/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Read email from Potter regarding affidavit; obtain complete time and expense record to date and organize other material to use in preparation of personal declaration. | | | 0.00 |
| 154916 | TIME | BMB | 3.15 |
| 7/5/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Separate work to date by category; dictate draft of portion of personal declaration explaining standard fee structure, fee arrangements for this case, description of work by categories in this case, and description of expenses; dictate drafts of letter to defendants, notice, and motion. | | | 0.00 |
| 155214 | TIME | BMB | 1.45 |
| 7/9/2008 | | EH | 0.00 |
| WIP | | EB WILLIAMS, S. | |
| Phone conference with C. Gainer; read order; revise and supplement draft of personal declaration; annotate detailed work summary; revise letter to defendants. | | | 0.00 |

J

J

J - 2.80
D - .35

J - 1.25
D - .20

| Slip ID Dates and Time Posting Status Description | Attorney Activity Client Reference | Units DNB Time Variance |
|---|---|---|
| 155226          TIME 7/10/2008 WIP Further revisions and additions to personal affidavit; add information on associates, further work, and expenses; edit previous material; dictate draft of letter to Potter; provide instructions for preparation of Exhibit B and C documents and oversee further changes. | BMB EH EB WILLIAMS, S. | 1.15 0.00 0.00 |
| 155616          TIME 7/10/2008 WIP Phone conference with and prepare email to B. Bennett with information for fee petition. | SWJ EH EB WILLIAMS, S. | 0.30 0.00 0.00 |
| 156076          TIME 7/11/2008 WIP Categorize all work performed through 6/30/08; allocate time between categories where description includes different subjects; determine actual time expended by category and by each biller within each category; check categorizations and breakdowns and make corrections as needed; revise and supplement draft of personal declaration; revisions to letter to Potter; further check of and additions and corrections to personal declaration. | BMB EH EB WILLIAMS, S. | 1.90 0.00 0.00 |
| 156085          TIME 7/14/2008 WIP Prepare draft of declaration for E. Jepson using existing model; revisions and corrections. | BMB EH EB WILLIAMS, S. | 0.70 0.00 0.00 |
| 156092          TIME 7/15/2008 WIP Finalize and check proposed declaration for E. Jepson; exchange emails (4) with E. Jepson. | BMB EH EB WILLIAMS, S. | 0.35 0.00 0.00 |

| Slip ID | Attorney | Units |
|---|---|---|
| Dates and Time | Activity | DNB Time |
| Posting Status | Client | |
| Description | Reference | Variance |

| | | |
|---|---|---|
| 156093          TIME | BMB | 0.55 |
| 7/18/2008 | EH | 0.00 |
| WIP | EB WILLIAMS, S. | |
| Exchange emails with R. Potter (2); phone conference with E. Jepson and leave substantive voicemail message for E. Jepson; read executed declaration from E. Jepson. | | 0.00 |
| | | |
| 156094          TIME | BMB | 1.50 |
| 7/21/2008 | EH | 0.00 |
| WIP | EB WILLIAMS, S. | |
| Receive/check hand copy of declaration from E. Jepson; check calculations through 6/30 of time by category and biller and determine fees through 6/30; determine expenses through 6/30; incorporate information into personal declaration; prepare email to Potter regarding supporting declaration. | | 0.00 |
| | | |
| 156374          TIME | BMB | 3.35 |
| 7/22/2008 | EH | 0.00 |
| WIP | EB WILLIAMS, S. | |
| Exchange several emails with R. Potter regarding supporting declaration; provide additional information as needed; receive and examine Potter declaration; revise and supplement notice and motion; dictate draft of proposed order; prepare certificate of service; add further information regarding defendants' non-cooperation; additional editing and changes to personal declaration; oversee and check preparation of Exhibit B; update totals and subtotals to include July-to-date in declaration; determine remaining steps needed for filing. | | 0.00 |
| | | |
| 156382          TIME | BMB | 4.90 |
| 7/23/2008 | EH | 0.00 |
| WIP | EB WILLIAMS, S. | |
| Dictate drafts of substantial additions to personal declaration; multiple rounds of revisions to new material; add final time descriptions to Exhibit B; calculate/check | | 0.00 |

DOWD, BLOCH & BENNETT
Slip Listing

| Slip ID | Attorney |
| --- | --- |
| Dates and Time | Activity |
| Posting Status | Client |
| Description | Reference |

revised totals and subtotals; provide
instructions for and check Exhibit C;
additional editing and revisions to personal
declaration; final check of figures,
incorporate into motion and proposed order;
further revisions to motion and proposed
order; final check of and minor corrections
to notice, motion, personal declaration, and
proposed order; check exhibits; provide
instructions and oversee filing and service.

7/23/2008                           DOWD, BLOCH & BENNETT
9:38 AM                                    Slip Listing                              Page     1

---

Selection Criteria

---

Slip.Classification     Open
Slip.Date               Earliest - 7/7/2008
Client (hand select     Include: EB WILLIAMS, S.
Slip.Slip Type          Expense

| Slip ID Dates and Time Posting Status Description | Attorney Activity Client Reference | Units DNB Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 103853     EXP 10/31/2006 Billed    G:11818    4/13/2007 Expense: Lexis research regarding S. Williams. | MD EX EB WILLIAMS, S. | 1 | 16.30 | 16.30 |
| 124177     EXP 7/25/2007 Billed    G:12746    9/26/2007 Expense: certified letter to EEOC. | EIC PETTY CASH EB WILLIAMS, S. | 1 | 5.94 | 5.94 |
| 131944     EXP 10/10/2007 Billed    G:13302    2/18/2008 Expense: Copying service/EEOC. | BMB EX EB WILLIAMS, S. | 1 | 33.66 | 33.66 |
| 138131     EXP 10/31/2007 Billed    G:13302    2/18/2008 Expense: Lexis research regarding S. Williams. | MD EX EB WILLIAMS, S. | 1 | 24.74 | 24.74 |
| 135682     EXP 11/2/2007 Billed    G:13302    2/18/2008 Expense: Filing fee regarding S. Williams. | BMB EX EB WILLIAMS, S. | 1 | 350.00 | 350.00 |
| 137599     EXP 12/21/2007 Billed    G:13302    2/18/2008 E-file return of services. (T. Kastner) | EIC EX EB WILLIAMS, S. | 1 | 25.00 | 25.00 |



EXHIBIT
C

7/23/2008                         DOWD, BLOCH & BENNETT
9:38 AM                              Slip Listing                              Page      2

| Slip ID Dates and Time Posting Status Description | Attorney Activity Client Reference | Units DNB Time Variance | Rate Rate Info Bill Status | Slip Value |
|---|---|---|---|---|
| 138107         EXP<br>12/26/2007<br>Billed         G:13302      2/18/2008<br>Expense:  Process server fees regarding ZD. | BMB<br>EX<br>EB WILLIAMS, S. | 1 | 375.00 | 375.00 |
| 141354         EXP<br>12/27/2007<br>Billed         G:13499      3/27/2008<br>Preparation and e-filing of return of service<br>and motion for default judgment. | EIC<br>EX<br>EB WILLIAMS, S. | 1 | 25.00 | 25.00 |
| 140271         EXP<br>1/14/2008<br>Billed         G:13499      3/27/2008<br>Expense:  Service regarding S. Williams | BMB<br>EX<br>EB WILLIAMS, S. | 1 | 65.00 | 65.00 |
| 140883         EXP<br>1/24/2008<br>Billed         G:13499      3/27/2008<br>Receive e-mail documents; e-filed Motion<br>and Order; process e-filed documents. | EIC<br>EX<br>EB WILLIAMS, S. | 1 | 25.00 | 25.00 |
| 146449         EXP<br>3/24/2008<br>Billed         G:13786      5/7/2008<br>Receive emailed documents and prepare for<br>e-filing; e-file memo in support of request<br>for entry for judgment, notice of filing and<br>certificate of service; receive email from<br>court and prepare for distribution.<br>(E/Williams). | EIC<br>EX<br>EB WILLIAMS, S. | 1 | 25.00 | 25.00 |
| 147067         EXP<br>3/24/2008<br>Billed         G:13786      5/7/2008<br>Expense:  Photocopying regarding S.<br>Williams. | MD<br>EX<br>EB WILLIAMS, S. | 1 | 63.00 | 63.00 |
| 149436         EXP<br>3/31/2008<br>Billed         G:13786      5/7/2008<br>Expense:  Lexis research regarding S.<br>Williams. | MD<br>EX<br>EB WILLIAMS, S. | 1 | 69.43 | 69.43 |

7/23/2008                          DOWD, BLOCH & BENNETT
9:38 AM                                 Slip Listing                                    Page    3

| Slip ID | Attorney | Units | Rate | Slip Value |
|---|---|---|---|---|
| Dates and Time | Activity | DNB Time | Rate Info | |
| Posting Status | Client | | Bill Status | |
| Description | Reference | Variance | | |
| 154589         EXP | EIC | 1 | 25.00 | 25.00 |
| 6/10/2008 | EX | | | |
| Billed       G:14023      7/21/2008 | EB WILLIAMS, S. | | | |
| Expense:  Receive emailed documents and prepare for e-filing; e-file motion for instructions and modification schedule, exhibits, certificate of service and notice of motion; receive email from court and prepare for distribution | | | | |
| 156375         EXP | BMB | 1 | 12.60 | 12.60 |
| 6/21/2008 | EX | | | |
| WIP | EB WILLIAMS, S. | | | |
| Expense: 84 copies - Preparation of fee petition. | ** PAL: GENERAL ADVIC | | | |
| 156376         EXP | BMB | 1 | 9.90 | 9.90 |
| 6/22/2008 | EX | | | |
| WIP | EB WILLIAMS, S. | | | |
| Expense: 66 copies - Preparation of fee petition. | ** PAL: GENERAL ADVIC | | | |
| 156377         EXP | BMB | 1 | 48.30 | 48.30 |
| 6/23/2008 | EX | | | |
| WIP | EB WILLIAMS, S. | | | |
| Expense: 322 copies - Fee motion and attachments for defendants, file, and client. | | | | |
| 156378         EXP | BMB | 1 | 25.00 | 25.00 |
| 6/23/2008 | EX | | | |
| WIP | EB WILLIAMS, S. | | | |
| Expense: Receive emailed documents and prepare for e-filing; e-file fee motion, notice, exhibits, and proposed order. | | | | |

Grand Total

|  | | | |
|---|---|---|---|
| Billable | 0.00 | | 1223.87 |
| Unbillable | 0.00 | | 0.00 |
| Total | 0.00 | | 1223.87 |

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

SHAWN WILLIAMS,                          )
                                         )
                   Plaintiff,            )    Case No. 07 C 6207
                                         )
v.                                       )    Judge Ronald Guzman
                                         )    Magistrate Judge Geraldine Soat Brown
Z.D. Masonry Corp, et al.,               )
                                         )
                   Defendants.           )

**DECLARATION OF ROBIN POTTER IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR ATTORNEYS' FEES AND EXPENSES**

**Background**

1.      I am the principal in my firm, Robin Potter & Associates. I am admitted to

practice in Illinois (1979) and Iowa (1978)(inactive); before the United States District

Courts for the Northern and Central Districts of Illinois, the Northern District Trial Bar

and the United States Court of Appeals for the Seventh Circuit.

2.      Following law school, I was a staff attorney at HELP Legal Assistance in

Davenport, Iowa, a legal services corporation program. At HELP, my practice was

concentrated in representing poor people, constitutional law and impact litigation. I have

been in private practice in Chicago since 1979, concentrating in labor & employment,

discrimination, the FLSA and False Claims Act litigation. I currently represent class

plaintiffs and individual employees.

3.      From approximately 1981-1983, I taught Labor Law at Indiana University,

Department of Labor Studies. I frequently lecture and write on litigating labor &

employment and False Claims Act cases.

**EXHIBIT
D**

**Organizational Memberships and Officer Appointments**

4.   I am a member of various bar associations, including the ABA, ISBA and

ATLA, (Labor and Litigation Sections) and from 1995-2003, was the Plaintiffs' Chair of

the ABA's Labor & Employment Committee, Workers' Dislocation Subcommittee.  I

have frequently lectured at the ABA (Midyear / annual/ labor & employment); ISBA

(Labor Section); National and Illinois Employment Lawyers' Association [NELA], ATLA

(Civil Rights and Individual Employee Rights Sections); the Taxpayers Against Fraud

(lawyers representing plaintiffs in Qui Tam litigation) and the Practicing Law Institute.

Since approximately 1995, I have served as one of three members on the Chicago Bar

Association Lawyer Referral panel for screening applicants to the Labor and

Employment Panel.

5.   The National Employment Lawyers Association (NELA) is a nation-wide

bar association of attorneys who represent plaintiffs-employees in labor and

employment cases.  After helping to found NELA, I served on the NELA/Illinois

Executive Board from about 1988 through March 2000, and as the organization's

President from April 1997-1999.  I founded and edited the state-wide newsletter, the

Illinois Advocate.

6.   In 1996 and again in 2001, I was appointed and served as a government

*Election Supervisor*, overseeing and conducting elections for delegates to the Laborers'

International Union Convention (LIUNA).   My appointment was pursuant to the Consent

Decree entered into between LIUNA and the United States Department of Justice.   In

my position, I supervised a staff of election officers and assistants.

7.   In the fall of 2003, I was appointed by the United States District Court for

-2-

the Northern District of Illinois (J. Urbom), as the Special Master in EEOC v. The Dial

Corporation, Case No. 99 C 3356 (N.D. IL.), a pattern and practice sexual harassment

case. As the master, I oversaw all appeals and final approvals of settlement awards to

the class members.

8.      In December 2007, I was appointed as the Claims Administrator in *Smith*

*v. NIKE*, Case No.  03 C 9110 (N.D. Il., J.  Shadur), a class action race discrimination

case. As the Claims Administrator, I determined the damages to be awarded to the

class members pursuant to the Court approved Settlement.

**Speaking Engagements and Writings**

8.      Some of my speaking engagements and writings, include the following:

*       May 1998-2001, Speaker, EEOC Chicago District Office Technical
        Assistance Program Seminar - Chicago - Speaker, on *EEO Basics and
        Litigation* and paper
*       January 1999- Illinois National Employment Lawyers Association -
        Moderator and Program Organizer - *Title I of the ADA*
*       July 1999 - University of Louisville, Kentucky, Carl Warns Labor &
        Employment Law Institute - speaker - *Labor Law Developments* and paper
*       November, 1999 - Practicing Law Institute - Chicago - Speaker -
        *Retaliatory Discharge and Public Policy*, and paper
*       January 2001 - Chicago Bar Association Civil Rights Committee - Chicago
        - Speaker - *Damages In Employment and Civil Rights Cases* and paper
*       January 2002 - Chicago Bar Association Labor & Employment Committee
        - Chicago Panelist - *Recent Developments In Civil Rights Litigation*
*       January 2002 - Chicago Bar Association Civil Rights Committee - Chicago
        - Speaker - *Damages In Employment and Civil Rights Cases* and paper
*       May, 2002 - ITLA Civil Rights - Employment Litigation Strategies & Trends
        Seminar - Chicago - Speaker - *Illinois Retaliatory Discharge & Federal
        Retaliation* and paper;
*       July 2002 - ATLA Annual Convention, Atlanta - Panelist -  *Qui Tam
        Litigation under the False Claims Act*
*       October 2002 - Panelist - Practicing Law Institute - Chicago, Workplace
        Torts, A Plaintiffs' Perspective and paper (annual speaker)
*       October 2002 - Program Organizer and Committee - National Employment
        Lawyers Association Mid-Year Seminar- Chicago - *Evidentiary Issues for
        The Plaintiff Employment Lawyer*

* December, 2002 - Panelist & Paper - ISBA Labor & Employment Law Section, Chicago. *Representing Whistleblowers Under the False Claims Act*
* January 2003 - Panelist & Paper - ABA National TeleConference on *Using Expert Witnesses in Labor and Employment Cases, The Trial Stage*
* June 2003 - panelist - National Employment Lawyers Association Fourteenth Annual Convention, Vail, Colorado - Panelist - *Building Your Case Through Depositions - Trial Advocacy Track*
* August 2003 - Panelist & Paper - ABA National Meeting, Section of Labor and Employment, San Francisco - Update: Equal Employment Opportunity - *Review of Desert Palace v. Costa*
* October 2003 - Panelist & Paper - Practicing Law Institute - Chicago - *Workplace Violence*
* November 2003 - Chicago Bar Association - Chicago - Panelist - Labor & Employment Committee - *Desert Palace v. Costa.*
* March 2004 - American Bar Association Labor and Employment Section - Employee Rights and Responsibility Committee Mid-year meeting, Palm Springs, Ca. - Trial Advocacy Track - *Trial Practice Tips*
* June 2004 - Panelist & Paper - National Employment Lawyers Association Annual Convention - *Representing Whistleblowers Under the False Claims Act*
* November 12, 2004 - Panelist & Paper: Illinois Public Sector Labor Relations Law Program, Kent Law School; *Litigating FLSA Cases in the Public Sector.*
* July 2005 - Paper presented - Association of Trial Lawyers of America, Toronto - *Litigating False Claims Act Cases*
* October 2005 - Panelist: Impact Litigation: Representing Workers in Class, Collective and Multiple Plaintiff Actions - *Litigating State Wage & Hour Claims*; National NELA Conference, Cambridge, Mass.
* October 2005 - Panelist - Practicing Law Institute - Chicago, Workplace *Electronic Evidence Discovery & Employment Litigation*
* October 2006 - Panelist - Practicing Law Institute - Chicago, Workplace *Use of Demonstrative Evidence in the Trial of Employment Cases*
* February 2007 - Panelist - Chicago Bar Assn. Labor & Employment Comm. - Summary Judgment - Review of 7th Circuit cases from 2006 - Point - Counter-point, A Plaintiffs' Perspective
* March 2007 - panelist - National Employment Lawyers Association Mid-year national meeting, Chicago - *Broken Lives: Understanding the Psychology of the Whistleblower Experience*
* March 2007 - panelist - National Employment Lawyers Association Mid-year national meeting, Chicago - *Pursuing Qui Tam Lawsuits Under the Federal & State False Claims Act*
* October 2007 - Panelist - Practicing Law Institute - Chicago, Workplace *Trial Evidence in Employment Cases - Plaintiffs' View*

* June 2008 Speaker (scheduled) - Contemporary Labor Relations Law, NLRB Region 13, Chicago Kent Law School - *Ethical Conflicts in Employment Cases*
* June 2008 Moderator Representing Whistleblowers - National Employwment Lawyers Association Annual Convention, Atlanta.
* August 2008 (scheduled) Presentation for *EEOC* National Meeting - *Ethics for Attorneys,* Chicago

* Author: *Overtime Wages and the Suffer or Permit to Work Standard under the Fair Labor Standards Act,* Illinois Public Employee Relations Report, Spring 2005, Vol. 22, No. 2 (Institute of Labor & Industrial Relations - Univ. Of Illinois and Chicago-Kent College of Law)
* Author: Employment Litigation and Practice, Matthew Bender, published by the National Employment Lawyers Association, *Duty of Fair Representation Litigation* chapter

## SKILL AND EXPERIENCE

9.     For the last thirty (30) years, I have handled hundreds of civil rights, FLSA, FCA, discrimination, retaliation and employment cases, and represented thousands of employees and union members who sought to expand and protect the rights of employees, including under the LMRDA and the following individual and class cases, including USA ex rel Coose v. ANL, Case No. 03 C 1949 (Intervened False Claims Act - Qui Tam (QT) Fraud Case)(2-20-08 Mem. Op. denying M-D on res judicata and affirming doctrine that DOJ, Court and relator approval is required for QT settlements); Cioe & Mynes v. GVCN, a/k/a Bamboo Room, Case No. 05 CH 7829 (Cook Co.) Prevailing parties - default judgment in FLSA and state W & H case; (11-07 Order granting default judgment and 2-15-08 Mem. Op., J. Mary Rochford awarding fees for 2007 and prior years @ $495/hour for Robin Potter; $300/hour for Associate Denise Kelleher (2001 graduate) and $195/hour for senior paralegal N. Alex Taylor; O'Neil et al. v. Bar Louie, Case No. 04 CH 8916 (Class action overtime case - J. Maki (fees awarded in 2007 at $495/hour for Robin Potter; $300 / hour for Denise Kelleher and

$195/hour for senior paralegal Alex Taylor); <u>Absher v. Momence</u>, et al., (#04-2889 C.D.

Il.) - FCA- Nursing home abuse case (2/07 prevailed in FRCP 9(b) motion to dismiss);

<u>Serafinn v. IBT</u>, Case No. 03 C 9409 (N.D. Il.- J. Kendall)(jury verdict for plaintiff in Nov.

2006; fees awarded in December 2007 at $495/hour); <u>Blount v. Stroud, et al.</u>, 01 L

2330 (Cook County, IL. - J. Alan Goldberg)($3.1 million verdict for retaliatory discharge,

November 2005; $1,162,491 fee award, March 2006 ($475/hr. Robin Potter; $170/hr.r

Alex Taylor); <u>rev'd.</u> on IDHR preemption grounds, *PLA denied 1-30-08;* <u>Brooker et al. v.

Rizzo's Live et al.,</u> Case No. 06 C 4308 (N.D. IL.)(J. Gottschall)(Wage & Hour

Settlement); <u>West v. Ortho</u>, 405 F.3d 578 (7th Cir. 2005)(Reversing directed verdict for

defense in race discrimination case; remanded for trial; Confidential Settlement)(J.

Leinenweber); <u>Gissendanner v. Gerber, et al.</u>, Case No. 01 C 5988 (race discrimination

under Title VII and Section 1981) (confidential settlement, January, 2006)(J. Anderson);

<u>Toomey, et al., v. Maxwell Manor,</u> Case No. Case No. 00 C 1102 (N.D. IL.)(Intervened

False Claims Act case - Nursing Home Abuse case, settlement with management

company in November 2004 for $1,898,000; $55 million FCA default judgment entered

in 1/05 and 3/05 against owner)(petitioned and paid by defendant at 2004 rate of

$450/hour for Robin Potter and $160.00 per hour for paralegal Alex Taylor; <u>Vander

Vennett v. AIU, et al.,</u> Case No. 05 C 4889 (N.D.IL)(FLSA Collective Action)(J. Hart);

<u>Finnigan v. AIU</u>, Case No. 03 CH 18335 (Cook County, IMWL-IWPCA overtime

action)(defense judgment following trial; J. Quinn); <u>Skelton-Abbinanti v. AIU</u>, Case No.

03 C 9009 (N.D. IL.)(FLSA and FLSA retaliation case)(confidential settlement)(J.

Kennelly); <u>Stallings v. City of Chicago</u>, Case No. 03 C 8977 (N.D. IL., FLSA overtime

case)(J. Holderman); <u>Jackson v. Lake Co.</u>, Case No. 01 C 6528 (J. Lefkow) - ADA case

- $325,000 verdict in 11/03 on emotional distress damages (11-7-03); + back pay judgment; (11/04); attorneys' fees petitioned at $475.00 / hour in April 2005; case settled (J. Lefkow);   EEOC v. The Dial Corporation, Case No. 99 C 3356 (N.D. IL.),(Court appointed Special Master in classwide sexual harassment case)($450/hour fee paid and approved; Fall 2004)(J. Urbom); Berry v. NW, et al., Case No. 98 CH 12167 (Cook)(overtime class action, settlement of $300,000 for 140 employees - Final Approval Order entered July 16, 2003); USA ex rel. Dr. Raymond Pollak v. University of Illinois, et al., Case No. 99 C 710 (False Claims Act; USA and Illinois Attorney General Intervened case; partial settlements in 2003 of $2.4 million on Medicare and Medicaid fraud, false hospitalizations in liver transplantation; billed and paid hourly rate of $450.00 per hour and multiplier, for 1999-2003 and earlier time); (individual employment and tort cases separate confidential settlement)(J. Leinenweber); Kessel and Meador v. Cook County, et al., 00 C 3980 (N.D. Ill.)(J. Amy St. Eve)(jury verdict of $700,000 for Kessel in July, 2003 on Section 1983 / sex harassment claims - all pretrial discovery by Potter & Schaffner; trial by successor counsel; petitioned at rate of $450.00 per hour in Fall, 2003; case settled); Kramarski v. Orland, ($1 million settlement, Section 1983/ sex harassment claims)(J. Leinenweber);  USA ex rel. Grandeau v. Cancer Treatment Centers of America, et al.,  Case No. 99 C 8287 (N.D. Ill)(J. Moran) - False Claims Action for Medicare and  Medicaid overbilling (reported decisions, including on motions to compel arbitration of Qui Tam claims and to dismiss Qui Tam action); Muecki v. A-Reliable, et al., Case No. 01 C 2361 (N.D. Ill.) (J. Kennelly) - Class action -FLSA overtime case and ruling refusing to compel mandatory arbitration of FLSA claims (confidential settlement); Pauley v. A-Reliable, et al., Case No. 01 C 2359 (overtime and

-7-

retaliatory discharge case - confidential settlement)(MJ. Keys); Guillebeaux v. Riteway, et al., Case No. 99 C 1043 (N.D. Il. - J. Hibbler) (FLSA and wage and hour class action and settlement); Price, et al. v. ComEd, Case No. 99 C 5616 (N.D. Il., J. Kennelly)(class action and individual sexual harassment, confidential settlement); Eager v. Com Ed, Case No. 01 C 3159 (J.Bucklo-MJ Mason)(sexual harassment and tort case, confidential settlement); Quinn v. Ultimo, et al., Case No. 99 C 7268 (J. Holderman) - ADA discrimination case, attorneys' fees awarded as prevailing party in February 2001 at $325.00 / hour for Robin Potter; $235 / per hour for associate; $100 per hour for paralegal Alex Taylor); Meeker v. City of Chicago, Case No. 97 C 8946 (J. Kocoras)($250,000 settlement of ADA case)($300 per hour attorneys' fee and $100 per hour paralegal fee for N. Alex Taylor paid by plaintiff in July 1999); Nicosia v. SEIU and Williams, et al., Case No. 98 C 3903 (J. Lindberg) (LMRDA - removal of union officer)(confidential settlement); Gee v. Textile Processors, 164 LRRM (BNA) 2049 (N.D. Il. 2000)(J. Pallmeyer - J. Kennelly) (representing UNITE union and individual union members; preliminary injunction issued enjoining union merger, following hearings under LMRDA - Title I); USA ex rel., Figurski v. Forest Health Systems et al., Case No. 96 C 4663 ($4.1 million settlement of intervened federal False Claims Action; separate retaliatory discharge claims under 31 U.S.C. §3730(h))(J. Grady); Bell v. UPS, Case No. 94 CH 1658 (Cir. Ct. of Cook Co., IL.)($7.25 million settlement of class action overtime case on behalf of 3000+ Illinois package car drivers); Rankin v. UPS, Case No. 96-MI-307598 (Law Division)(retaliatory discharge for filing Bell class case)(confidential settlement); Johnson v. CHA, Case No. 94 C 7692 (N.D. Il.)($2.5 million settlement in FLSA and Illinois overtime class action on behalf of CHA police officers)(J. Plunkett);

-8-

Kennedy v. Commercial Carriers, Inc., Case No. 89 CH 11486 (Cook

County)($2,313,142 verdict and interest on behalf of class of truck drivers on breach of

contract), *affd.*, 1997 Ill. App. LEXIS 904 (1st Dist. 12/30/97); Cook v. McCarron, Case

No. 92 C. 7042 (N.D. Illinois)($13.5 million class action settlement on behalf of 15,000

ERISA Fund participants)(J. Manning); Gaul v. Crawford & Co., Case No. 95 C 586

(N.D. Ill.) (ADEA/breach of contract case; discovery sanctions and attorneys' fees

awarded to plaintiff, with orders for electronic discovery and recovery)(J. Holderman)

(confidential settlement); Agretti, et al. v. ANR, 982 F.2d 242 (7th Cir. 1992) (class

settlement upheld - LMRA/LMRDA case)(J. Lindberg); Daniels v. L. 597, 53 FEP 1669

(N.D. Ill. 1990), aff'd., 945 F.2d 906 (7th Cir. 1991), cert. denied, 112 S.Ct. 1514 (1992)

(Title V11, Section 1981 [race] and LMRA jury verdict $321,000.00; Consent Decree

entered, 12/10/93, widespread class relief in individual case)(J. Alesia); Kennedy v.

CCI, 739 F.Supp. 406 (N.D. Ill. 1990) (Judge Grady) (union members' rights to pursue

independent contract claims against employer upheld; LMRA/Section 301 preemption

denied) (class); Thomas v. UPS, 890 F.2d 909 (7th Cir. 1989) (LMRA Section 301

discharge case of Teamster's union dissident and reformer; confidential settlement)

(appointed following remand); Brooms v. Regal, et al., 881 F.2d 412 (7th Cir. 1989) aff'd

in part, rem'g in part, 44 FEP 1119 (N.D. Ill. 1987) (Title VII sexual harassment &

Section 1981 race discrimination case - established the prevailing reasonable woman

standard in sexual harassment cases) (settled following jury verdict for plaintiff on Title

VII claims)(J. Leinenweber); Grant v. Chicago Truck Drivers Union, 806 F.2d 114 (7th

Cir. 1986)(Title I - equal rights, right to vote case); Brazinski v. Transport Service Co.,

159 Ill. App.3d 1061, 513 N.E.2d 76 (1st Dist. 1987) (discharge of union

-9-

member/whistleblower for filing wage claim in violation of Illinois public policy) (confidential settlement following remand); Lynn v. City of Chicago, Case No. 86 C 2207 (N.D. Ill.) (J. Nordberg) (Section 1983, 1st and 14th Amendment case - City's practice of improperly referring police officers for psychiatric exams enjoined) (confidential financial settlement); Glavas v. USWA, et al., Case No. 85 C 1077 (C.D. Ill.) (J. Mihm) (jury verdict for plaintiff on LMRDA Title I free speech and unlawful discipline claims) (confidential settlement following verdict)(J. Mihm); Bassett v. Teamsters Local 705, 773 F.2d 932 (7th Cir. 1985) (LMRA case; futility of exhaustion of internal remedies under IBT Constitution established)(defense verdict at trial, J. Marshall); Sako v. Teamsters Local 705, 125 LRRM 2373 and 127 LRRM 2556 (N.D. Ill. 1987) (LMRDA Title I class case - rights to vote, free speech and assembly on contract ratification) (confidential settlement agreement); Conroy v. Teamsters Local 705, 124 LRRM 3229, 3238, 3240 and 3246 (N.D. Ill. 1984-1985) (LMRDA Title I class case - rights of free speech and to vote on contracts for union members) (confidential settlement); Vallone v. Teamsters, 755 F.2d 520 (7th Cir. 1985)(LMRDA Title I - Right to Vote on Teamster contracts; summary judgment for defendants on LMRDA under DelCostello statute of limitations; *overruled* and expanded tort limitations period applied in Cliff v. Int'l Union, 881 F.2d 408 (7th Cir. 1989).

10.    My current hourly rate which I charge and receive from hourly clients, or for which I have been court approved, as set forth above, and bill in contingency cases, (absent a percentage of the recovery or a common fund) is $495.00-$500.00 per hour and our associate Denise M. Kelleher (2001 graduate), bills and is court approved at

-10-

$300-350 hour.  Our senior paralegal, N. Alex Taylor, bills and / or is court approved at $195 - 205/ hour.

11.    I am familiar with the billing rate in the Chicago area for labor and employment attorneys who litigate employment and discrimination cases.  My Firm's hourly attorneys' fee rates are at or below the market rate charged by labor, employment and class counsel in the Chicago area.

12.    I am personally highly familiar with the backgrounds, skills, abilities and work  of attorneys for Plaintiffs in this matter, Barry Bennett of Dowd, Bloch & Bennett. I have known Mr. Bennett since approximately 1986, both as opposing counsel in litigation, and through the course of our professional and advocacy work in the National Employment Lawyers Association.

14.    The rates charged by Barry Bennett and Dowd, Bloch & Bennett as set forth in paragraph 14 of his Declaration for $350-400 per hour for him, are within community norms for his experience and expertise.

I certify, under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and accurate.

*Robin Potter*

Robin Potter

## DECLARATION

STATE OF ILLINOIS )
) SS
COUNTY OF COOK )

I, Edward C Jepson, Jr., of full age, pursuant to 28. U.S.C. §1746, declare under penalty of perjury the following:

1.    I have personal knowledge of the information contained in this declaration and if called upon to do so would be prepared to testify to these facts.

2.    At my request, Barry Bennett prepared a draft of part of this declaration for me.

3.     I am a shareholder in the firm Vedder Price P.C. in Chicago, specializing in labor and employment law.

4.    I was admitted to practice in 1980 and have concentrated in labor and employment law throughout my career.

5.    My work is exclusively on behalf of management.

6.    My practice has allowed me to observe the work of many attorneys who represent plaintiffs, employees, and unions in litigation and other types of legal work.

7.    My participation in cases in which attorneys for plaintiffs have filed motions for fees and costs, and discussions with my colleagues and other members of the bar, has given me a general familiarity with the rate structure for attorneys in the Chicago area who represent plaintiffs and individuals in employment matters, and I am very familiar with the fee structure for attorneys who represent employers.

8.    I attended law school with Barry Bennett and was acquainted with him there, but did not know him well. I have become much better acquainted with Mr. Bennett and his work

CHICAGO/#1817726.1



EXHIBIT

E

during the last 20 years, when we have both practiced labor and employment law in the Chicago

area.

      9.     Mr. Bennett has frequently been on the opposite side of our firm in cases being

litigated, he has also represented individual employees in matters not being litigated and in

which we represented the employer, and there have also been labor-related cases in which Mr.

Bennett and members of our firm served as counsel for co-defendants.  Through my direct

interaction with Mr. Bennett and through conversations with my partners and other colleagues at

this firm and elsewhere, I believe I am in a position to provide an assessment of Mr. Bennett's

abilities and to compare his work with the work of other attorneys in the area who represent

individual employees and plaintiffs.

      10.    I consider Mr. Bennett to be among the best labor and employment lawyers

representing unions and individuals in the Chicago area.

      11.    Through conversations with my colleagues and other attorneys, and through my

awareness of various forms of recognition that have been provided to him, I believe that my

views of Mr. Bennett's abilities and professionalism are widely shared within the labor and

employment bar in the Chicago area.

      12.    Based on our respect for Mr. Bennett's capabilities and professionalism, other

members of my firm and I have frequently referred potential clients to him when we could not be

of assistance because of conflicts or for other reasons.  The feedback I have received from these

referrals reinforces my feelings about Mr. Bennett's abilities.

      13.    I understand Mr. Bennett is requesting a fee award in an employment case based

on a rate of $400.00 an hour for his time.  Based on my knowledge of rates charged by other

labor and employment attorneys in this area, and of awards made in other fee petition situations,

and based on my knowledge of and experience with Mr. Bennett, I believe that rate is well within the range of what is customary and proper for attorneys of similar levels of skill and experience.

I have read the foregoing declaration and swear that it is true and correct to the best of my knowledge, information, and belief.

_____
Edward C. Jepson, Jr.

Date: _____
July 18, 2008

## DECLARATION

**STATE OF ILLINOIS**    )
                     ) SS
**COUNTY OF COOK**     )

I, Jules I. Crystal of full age, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury the following:

1.     I have personal knowledge of the information contained in this declaration and if called upon to do so would be prepared to testify to these facts.

2.     I am a partner in the firm Bryan Cave LLP in Chicago, specializing in labor and employment law.

3.     I was admitted to practice in 1971 and have concentrated in labor and employment law throughout my career.

4.     My work is exclusively on behalf of employers.

5.     In connection with my work, I have become 'familiar with the work of many attorneys who represent plaintiffs in litigation and in other types of legal work.

6.     Through general discussions and participation in cases in which attorneys for plaintiffs have presented requests for reimbursement of fees and costs, I believe I have a general familiarity with the rate structure for attorneys in the Chicago area who represent plaintiffs in employment matters, and I am very familiar with the fee structures for attorneys who represent employers.

7.     I have known Barry Bennett professionally for about 20 years. We have litigated a number of cases against each other and there have been other matters not involving litigation in which we have been on opposite sides. I have also had occasion to speak of Mr. Bennett with other attorneys and with non-attorneys who are familiar with his work.

78693.1

**EXHIBIT**

F

8.    I consider Mr. Bennett to be an exceptionally bright attorney who, in his representation of his clients, has consistently demonstrated honesty and only the highest of ethical standards.

9.    Based on my conversations with other attorneys and my awareness of various forms of recognition that have been provided to him, I believe that my views of Mr. Bennett's abilities and professionalism are widely shared within the labor and employment legal community in this area.

10.    Based on my respect for Mr. Bennett's capabilities and professionalism, I have frequently referred potential clients to him when our firm could not be of assistance because of conflicts or for other reasons. The feedback I have received from individuals to whom I have made these referrals reinforces my beliefs about Mr. Bennett.

11.    I understand Mr. Bennett is requesting a fee award in an employment case based on a rate of $400.00 an hour for his time. Based on my awareness of rates charged, by labor and employment attorneys in this area, and of awards made in other fee petition situations, along with my knowledge of and experience with Mr. Bennett, I believe that rate is well within the range of what is customary and. proper for attorneys of similar levels of skill and experience.

12.    I am not sufficiently familiar with associates employed by Mr. Bennett's firm to provide an opinion about them, but I believe the requested rate of $350.00 an hour for work by associate attorneys is consistent with charges made for work by associates of firms that I believe are at the level as Mr. Bennett's firm.

I have read the foregoing declaration and swear that it is true and correct to the best of my knowledge, information, and belief.

_____
Jules I. Crystal

Date: July 1, 2008 _____